### ED. WILCOX V. THE STATE.

*No. 304.   Decided May 26.*

1.  **Rape—Nonage—Burden of Proof.**—On a trial for rape, where the defense is nonage, viz., that defendant was under 17 years of age at the commission of the crime, and therefore could not be punished capitally, *Held*, that the burden of proof to establish his nonage is upon him, since such a defense is a distinct substantive matter.

2.  **Same—Evidence—Charge.**—On a trial for rape, where there was evidence, but of a most inconclusive, indefinite, unsatisfactory, and inconsistent character, going to establish the age of defendant under 14 years at the commission of the crime, *Held*, that the court did not err in omitting to submit in the charge, in connection with this testimony, the issue of defendant's nonage, which, under the law, would make him incapable of committing rape, where the main issue from the evidence was as to nonage with regard to the penalty, and the issue as to whether he was under 17 years was

fully and fairly submitted, and in such manner as that the jury could not have convicted him in any event of the capital crime had he been under 17 years of age.

APPEAL from the District Court of Guadalupe.   Tried below before Hon. J. B. DIBRELL, Special Judge.

This appeal is from a conviction for rape, the punishment being assessed at death.

This is the second appeal in this case from a like conviction, with a like penalty.   Wilcox v. The State, 32 Texas Crim. Rep., 284.   Under instructions of the court, the evidence on the former appeal was reported in full.   Such additional facts as appeared upon the second trial below are fully and sufficiently stated in the opinion.

*W. M. Rust* and *H. E. Short*, for appellant.   [Their brief is not found with the record.—REPORTER.]

*R. L. Henry*, Assistant Attorney-General, for the State.—1. In regard to the jury finding the age of the appellant, they found just as appellant contends that they should find.   He did not except to the charge, even if it were wrong, and it could not have possibly injured him.

2. There was absolutely no evidence that appellant was under 14 years of age, and the court was correct in not charging on that phase of the case.   The burden of the whole defense of appellant was that he was not 17 years of age, and therefore his neck could not be forfeited for his crime.

3. The court's charge as to the nonage of appellant was according to the approved precedents.   Ake v. The State, 6 Texas Crim. App., 398; Jones v. The State, 13 Texas Crim. App., 1; Taylor v. The State, 3 Texas Crim. App., 169; Penal Code, art. 35.

SIMKINS, JUDGE.—Appellant, a negro, was convicted of rape upon Mrs. Hereschop, a white woman, and his punishment fixed at death. This is a second conviction with the same penalty, the judgment having been reversed for insufficiency of testimony as to age.   32 Texas Crim. Rep., 284.

The only defense in the case was the nonage of defendant.   It was shown by his witnesses, to wit, Sallie Murphy, Dan Murphy, George Wilcox, and his mother, Bell Wilcox, that appellant was given by his mother to Sallie Murphy in 1882, and he then appeared to be 5 or 6 years old.   The crime was committed in August, 1892, at which time appellant would have been between 15 and 16 years of age.  On the other hand, Bell Wilcox says he was born the year she was on the Wear place, which she fixes in 1877; Dan Murphy said it was in 1874, while the witness Tony Scott testifies he went on the Saffold place in

1877, and defendant was between 4 and 6 years old, and running about. This would make defendant 17 or 18 years of age. This witness is not shown to be related to defendant. If defendant was under 17 years of age, he could not be punished with death; but the burden of proving his nonage rests upon himself, as it is a distinct, substantive matter relied upon by him to exempt him from capital punishment. Penal Code, art. 35; Willson's Crim. Stats., art. 76. The jury were fully instructed upon the issues of the case, and the character of their verdict if they found appellant guilty, and also found that his age was under 17 years or under 16 years. The jury found as a fact that appellant was 17 years of age, and was guilty of the offense, and the evidence sustains the verdict.

But appellant insists, in his motion for a new trial, that the court erred in failing to submit the issue whether appellant was under the age of 14 when he committed the crime, and instructing them that he could not be guilty of the offense of rape if such was the fact, and there was evidence showing that defendant was under 14. It is true that the witness Bell Wilcox says she thinks that appellant was 5 months old when she married Henry Wilcox, and the witness George Wilcox says the appellant was 2 months old when Bell was married; and the marriage record shows it took place in May, 1879, and this would tend to show that appellant was but 13 years and 6 months old when he committed the crime. But such testimony is utterly inconsistent with other portions of the testimony of said witnesses, to the effect that defendant was 16 years old, and that in 1882 he was given to Sallie Murphy to nurse her children, which is corroborated by the other witnesses for appellant, who, together with George Wilcox, fix his age at that time, to wit, 1882, as being 5 or 6 years of age. But, in the second place, these witnesses are shown to be too indefinite and uncertain as to time to sustain any such issue. Bell Wilcox does not know when she was born, nor when defendant was born; thinks it was in 1877. Does not know when she was married, but knows he was born before marriage, the year she lived on the Wear place. Says she lived six or seven years after marriage with her husband, and had been separated eleven or twelve years. George Wilcox thinks the marriage took place in 1876, but he did not know. He was not at the marriage, which took place in San Antonio. There was no exception taken to the charge of the court for failure to submit to the jury the issue of appellant's being under 14 years of age, nor was any special charge requested as to that issue. The question whether appellant was under 16 years of age was submitted to the jury in an appropriate charge; but they found he was 17 years of age, and it is unreasonable to suppose they could have found him to be under 14. The evidence conclusively shows that appellant possessed and used great physical force. Mrs. Hereschop is shown to be the mother of six children, and a healthy woman, yet she was over-

powered and ravished by appellant; and the desperate nature of the struggle was shown by her dress, torn and dirty, her neck bruised and scratched, and the imprint of fingers upon her throat. Upon the whole case, we think the omission to charge upon appellant's being under 14 years of age was in no way calculated to injure the rights of appellant. Davis' case, 28 Texas Crim. App., 556. There is no other question that need be considered.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.