## ALLEN ARRENDELL v. THE STATE.

### No. 745.    Decided October 23, 1910.

### Rehearing Denied November 23, 1910.

**1.—Murder—Juvenile Criminal—Age of Defendant—Statutes Construed.**

A person who, when he is brought to trial, is over 16 years cannot claim the protection of the provisions of the Act of the Thirty-First Legislature regulating the trial of juvenile criminals, on the ground that when he was indicted or when the offense was committed he was under the age of 16 years.

**2.—Same—District Court—Discretion of Judge.**

Where, upon trial of murder, the defendant was convicted of murder in the first degree, there was no error in the court's action in directing the trial in the District Court under the provisions of the law governing the trial of murder cases, and refusing to transfer the case to the Juvenile Court on motion of the defendant alleging that at the time of the commission of the offense he was less than 16 years of age; as the court had discretion whether the case should be tried in the District Court or in the Juvenile Court, even if the defendant was under the age of 16 years at the time of the trial or at the time of the commission of the offense; no abuse of discretion having been shown.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence showed that the defendant was between 17 and 18 years of age at the time of the trial and that the homicide with which he was charged showed an assassination by the defendant, a conviction of murder in the first degree with a life sentence was fully sustained.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*W. M. Harmon,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction of murder in the first degree with a life sentence. On the 21st day of August, 1907, and at the regular term of the District Court of Liberty County, there was returned a bill of indictment charging the appellant with the murder of one W. S. Cherry, by shooting him with a gun. The defendant was brought to trial at the February term, 1910, of said court, which resulted in his conviction as aforesaid. After the State had announced ready for trial the appellant filed a motion which was sworn to by him in which he stated that he is now seventeen years of age, and will be eighteen years of age on the 11th day of March, 1910; that at the time of the commission of the offense, to wit: 11th day of August, 1907, as alleged in the bill of indictment, he was less than sixteen years of age, and he moved the court to transfer this prosecution now pending against him · to the County Court of Liberty County for hearing and disposition of the same by the judge thereof, as provided by law, and he prayed the court that said cause be transferred, and heard under the laws of the State of Texas, for the trial of delinquent children and juveniles under the provisions of the Act of the Thirty-first Legislature. This motion to transfer to the Juvenile Court was heard and determined by the court and overruled and to this action of the court the defendant reserved a bill of exceptions. Also in the trial of the case the defendant filed a motion asking that the special venire summoned be dismissed and that he be tried by the jury for the week then in attendance upon court for the reason that at the time of the alleged commission of the offense and at the time the indictment was returned herein the defendant was under the age of sixteen years, and that by the provisions of the Act of the Thirty-first Legislature, which provides that in all trials of juveniles any person interested therein may demand a jury, or the judge may, of his own motion, order a jury to try the case and for the reason that the jury to be selected from a special venire is not such a jury as is contemplated by the law for the trial of juveniles. When this motion was made the court stated that he would give the defendant his choice, to be tried either by the regular jury for the week or by a jury chosen from the special venire. Whereupon the defendant declined to accept either alternative and thereafter a jury was selected from the special venire and the case tried before them. The motion for new trial makes no complaint of the charge of the court, nor do we find in the record any matters of complaint other than those above set out. We are, therefore, confronted with this question: Can a person who, when he is brought to trial, is over the age of sixteen years claim the protection of the provisions of the Act of

the Thirty-first Legislature on the ground that when he was indicted, or when the offense was committed, he was under the age of sixteen years? We answer no. It often occurs that men are brought to trial years after the commission of the offense, and to say that a man who, after the commission of the offense, escapes and is not discovered for ten or fifteen years or until after he has reached mature manhood could plead successfully the provisions of the Act of the Thirty-first Legislature applying to juveniles on the ground that at the time of the commission of the offense he was under sixteen years of age, would be a travesty. The Thirty-first Legislature passed an Act providing for the trial and punishment of certain persons under sixteen years of age. See Acts Thirty-first Legislature, p. 100. This Act provides that when an indictment is returned by the grand jury of any county charging any male juvenile under the age of sixteen years with a felony the parent, guardian, attorney or next friend of said juvenile or the juvenile himself may file a sworn statement in court, setting forth the age of such juvenile, at any time before the announcement of ready for trial, and when such statement is filed the judge shall hear evidence of the age of the defendant, and if he is satisfied that said juvenile *is less than sixteen years of age,* said judge shall have authority to order such prosecution dismissed, and to order such juvenile turned over to the Juvenile Court of said county, to be tried in said Juvenile Court in the manner provided by law for the trial of such juveniles; or the judge of the District Court may in his discretion proceed to try said cause as provided by law, and if the trial results in a conviction with a confinement of five years or less, the judgment and sentence shall be that the defendant be confined in the institution for the training of juveniles; but if the confinement be for more than five years, the defendant shall be confined in the penitentiary. We think the proper construction to place upon this Act is that the defendant shall not be entitled to the provisions of said Act if he is over the age of sixteen years at the time of the trial and that it does not relate to the age of the party at the time of the commission of the offense. Second, that whatever construction might be placed upon this Act, a discretion is lodged in the District Court to either try or transfer the case to the Juvenile Court and this discretion could not be the subject of revision by this court, unless it was clearly shown that there was an abuse of that discretion, which question could hardly arise in this character of proceeding. We think that this would be a proper construction of this Act for if we should hold otherwise we would have the anomalous condition of sending men to the Juvenile Court to be confined in the school for the training of children, and who at the time of the trial might be forty or fifty years of age, on the ground that he was a juvenile at the time of the commission of the offense. It was never so intended by the law makers. The object and purpose of this Act, together with the Act of the same Legisla-

ture making provision for the commitment to State institutions for the training of juveniles, all persons under the age of sixteen years, was to remove children of tender years from the association of confirmed felons and bad characters and place them under a training for the purpose of developing their character and fitting them for useful citizenship, and it was never intended by said Act to reach those cases where the man was over sixteen years of age at the time of the trial. We are of opinion, therefore, that the court did not err in directing the trial in the District Court under the provisions of the law governing the trial of murder cases.

On the trial of the case the evidence abundantly showed the guilt of the appellant. The deceased was a woodchopper, and while out in his camp on the fatal day of the killing was approached by someone and shot to death while he was asleep on his pallet or cot. The proof shows conclusively that the appellant was the party who did this. It is unnecessary to set out the facts in the case. The court correctly ordered the selection of a jury from the special venire.

Finding no error in the action of the court below, the judgment is in all things affirmed.

*Affirmed.*