CLINT WILLIAMS V. THE STATE.

No. 3573. Decided June 2, 1915.

Rehearing denied June 25, 1915.

**1.—Murder—Motion for New Trial—Practice on Appeal.**

Where the grounds of objection are not assigned in the motion for new trial, but raised for the first time in appellant's brief, they can not be considered on appeal.

**2.—Same—Sufficiency of the Evidence—Age of Defendant—Death Penalty.**

Where defendant contended upon appeal from a conviction of murder assessing the death penalty that he was under the age of seventeen years at the time of the commission of the offense, but the evidence showed, although conflicting, that the jury were justified in finding that the defendant was over seventeen years of age at the time, there was no reversible error. Following Wilcox v. State, 26 S. W. Rep., 989, and other cases.

Appeal from the District Court of Tarrant. Tried below before the Hon. Jas. W. Swayne.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*C. W. Wade, S. B. Cantey, Jr.,* and *David B. Trammell,* for appellant.—On question of age of defendant and weighing testimony of witness: Grand Fraternity v. Melton, 102 Texas, 399; Malone v. National Bank, 162 S. W. Rep., 369; Brown v. Johnson, 116 S. W. Rep., 273; Sundgren v. Stevens, 119 Pac. Rep., 322; Wheeler v. State, 56 Texas Crim. Rep., 547.

*C. C. McDonald,* Assistant Attorney General, and *Marshall Spoonts,* County Attorney, for the State.—On question of age of defendant and proof required: Bell v. State, 137 S. W. Rep., 670; Bice v. State, 37 Texas Crim. Rep., 38, and cases cited in the opinion.

HARPER, JUDGE.—Appellant was found guilty of murder, and the death penalty assessed.

The facts would show that appellant stole a pistol from E. R. McComb on the day of the murder; that he induced Oscar Scroggins to take him riding on his (Scroggins) motorcycle, with a view to him buying the motorcycle. When they got out into the suburbs of Fort Worth, on the farm of E. R. Keller, in the edge of some timber, he shot Scroggins in the back, then threw him in a well. The condition of Scroggins' lungs, when the body was found, shows that he was not dead when thrown into the well, but Dr. Tadlock says that Scroggins would have no strength left to resist being thrown into the well after receiving the wound he did.

In the record there are no bills of exception reserved to the introduction or exclusion of any testimony. No exceptions were reserved to the charge of the court as given, and no special charges requested. In the motion for a new trial there are but four grounds assigned.

The first alleges the verdict is contrary to the law; the second, that the verdict is contrary to and against the evidence; the third, that the evidence is insufficient to sustain a verdict for murder, while the fourth is, that if the evidence shows appellant to be guilty of murder, it fails to show that he is seventeen years of age, therefore the death penalty can not be sustained under the law.

These being all the grounds assigned in the trial court, we can not consider the various grounds raised for the first time in the brief filed in this court by appellant's able counsel, but can only consider those grounds assigned in the motion for a new trial in the trial court.

If appellant is seventeen years of age, the evidence fully and amply sustains the verdict finding him guilty of murder. The body was found at the place pointed out by appellant; also the pistol, and the motorcycle of Oscar Scroggins were found in his possession. It was a brutal murder, committed solely for the purpose of obtaining possession of the motorcycle, which appellant said when he went to the home of Mr. Keller he had purchased. The question of the age of appellant is a more serious one. Our law provides that the death penalty shall not be assessed against any person under the age of seventeen years. Mrs. Keller and Mrs. Simmons both testify that they have known appellant since his birth, and they say he was born July 14, 1899. If so, he would be under seventeen years of age. They, in part at least, tie their memory to the date written in the family Bible. This entry was made by Mrs. Keller, so she testifies. The entry is: "Clint Aubrey Williams (colored) was born July 14, 1899." The contention of the State is, however, that the last "nine" was originally written "seven," and if so, appellant would be eighteen years of age on the 14th of next July, and past seventeen at the date of the commission of this offense. The last "nine" is blurred and written heavier than the remainder of the figures. Mrs. Williams says the reason of this is the entry being made with a pencil the date had become dim, and she had traced it again in 1911. A magnifying glass was used on the trial, and the jury was permitted to examine this date with the magnifying glass. Appellant had represented himself prior to the killing to be twenty years of age. Mr. Calloway testifies that he is now probation officer; that prior thereto he was county superintendent, and was a school teacher for a number of years; had known appellant for some eight or nine years, and saw him frequently. That in his opinion appellant was eighteen or nineteen years of age. The jury had a view of appellant at the time of the trial; they had the magnifying glass to examine the entry in the Bible to determine whether the original entry was 1897 or 1899. These matters are not before us, and as they find against appellant on this contention, we do not feel authorized to say they were not justified in finding as they did on this contested issue. Wilcox v. State, 26 S. W. Rep., 989; Ellis v. State, 18 S. W. Rep., 139.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 25, 1915.—Reporter.]