### BEN WILSON V. THE STATE.

No. 21811. Delivered January 7, 1942.
Rehearing Denied February 25, 1942.

The opinion states the case.

*L. D. Stroud* and *Wade & Wade*, all of Beeville, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

This is the second appeal in this case. The opinion delivered by this court on the former appeal is reported in 140 Texas Crim. Rep., 424, 145 S. W. (2d) 890, where the salient facts are briefly set out. The evidence adduced upon the trial from which this appeal is prosecuted does not materially differ from that in the former appeal. Hence we do not deem it necessary to re-state the same.

Bills of Exception Nos. 1 and 2 reflect the following occurrence: The State called one, Pedro Garcia, as a witness and proved by him that he was present and saw the appellant cut Jose Chapa without cause or provocation. On cross-examination appellant's counsel inquired of the witness if at a subsequent date in August, 1940, he did not cut the defendant (Ben Wilson) with a knife and pleaded guilty thereto and paid a fine, to which the witness answered in the affirmative. Then counsel asked the witness upon what part of defendant's body he cut him, to which the State objected on the ground that it was immaterial and did not shed any light upon any issue in the case, which objection was sustained, and the court, in connection with his ruling, remarked:

"If we go into this matter * * * we would be trying a collateral matter and not the real issue."

Appellant excepted to the court's remark on the ground that it was a comment upon the weight of the evidence. We are unable to agree with him. The testimony with reference to the location of the wound inflicted by the witness upon the body of appellant was excluded and was not admitted as evidence. Hence the court's remark was not a comment on its weight. We think the court had the proper conception as to its inadmissibility. To have permitted appellant to go further than to show that the witness had assaulted him by going into the details of that combat would in effect, for the time being, have arrested the trial of this case and tried the witness for an offense to which he had long prior to this trial entered a plea of guilty and paid a fine.

Bill of Exception No. 3 complains that State's counsel, Alex F. Cox, in his closing argument to the jury, said:

"What is the evidence of the two Mexican witnesses, Jose Chape and Pedro Garcia? They were in their car, both of them were in the car, seated in their car, when this fellow (meaning Ben Wilson) came out of the Casino Club and came towards their car—I don't know what he was doing and don't know what he had in mind when he came out there, but they said that he was talking when he came out there and that he came to the front of their car and said, 'Yo son hombre—I am a man.' What does that mean in Mexican? That means, 'I am looking for a fight'."

It appears from the bill that the words, "Yo son hombre," according to the court interpreter, meant, "I am a man." Under the circumstances, it is our opinion that the remark of the prosecuting attorney was not a deduction from the testimony of the two witnesses referred to.

Bill of Exception No. 4 is, in our opinion, without merit, and we do not deem it necessary to discuss the same.

By Bill of Exception No. 5 appellant complains of the action of the trial court in permitting a deputy sheriff to testify that on the night of the alleged offense, he was instructed by the sheriff to arrest appellant; that he knew appellant and appellant knew him and knew that he was an officer; that while driving towards appellant's home he saw Mike Cortez and the appellant in a truck; that he ordered Cortez to stop and that he heard appellant tell Cortez to drive on; that Cortez did stop and he (the deputy sheriff) commanded appellant to get out of the truck and come to him which appellant did; that while appellant was coming towards him (the deputy) he had his right hand in his pocket; that he arrested appellant and took from his pocket a knife which had blood on it. Appellant objected to this testimony because he was under arrest at the time and it was not a voluntary confession made and taken in compliance with Art. 727, C. C. P. The only statement appellant made, as disclosed by the bill, was that he told Cortez to drive on. This was not a confession by appellant because it did not relate to any offense and had no connection with the offense for which he was subsequently indicted and tried. To hold that this was a confession of guilt would require the stretching of human imagination too far. The arrest of appellant was apparently legal. Hence the officer had a right to search him and to testify what he found on his person.

Bills of Exception Nos. 6 and 7 complain of substantially the same matter as that presented by Bills Nos. 1 and 2. What we have said in disposing of the former bills also disposes of these bills.

By Bill of Exception No. 8 appellant complains of the action of the District Attorney in stating in his argument to the jury that on the former trial the defendant testified to certain facts at variance wih his evidence given on the present trial. Appellant objected to the argument on the ground that the testimony which he gave on the former trial was not introduced in

evidence. This bill is deficient in two respects: first, in that it fails to show that the testimony which he gave on his former trial was not introduced. Of course, appellant so states in his objection but that is not a certificate by the court. Second, because the bill fails to show that appellant was not asked if at his former trial he did not so testify and on this trial denied it. If the State introduced the testimony given by him on his former trial or if he was asked if he did not so testify on his former trial and he admitted it, then certainly there would be no impropriety on the part of the District Attorney in his argument to direct the jury's attention thereto. A bill of exception complaining of argument must show such facts as will demonstrate the error complained of. See Branch's Ann. Tex. P. C., p. 134, sec. 209; 4 Tex. Jur. p. 295, sec. 207.

Bill of Exception No. 9 fails to reflect any error. It is apparent from the bill itself that the argument complained of was in reply to remarks made by counsel for the defendant in their closing arguments to the jury. The extent of the remarks of counsel for the defense is not shown, nor does it appear from the bill that State's counsel in their arguments to the jury went beyond that made by defendant's counsel. Where defense counsel provokes improper remarks to be made by counsel for the State, the defendant will not be permitted to complain of such remarks. See Art. 648, C. C. P., Vernon's Ann. Tex. C. C. P., Vol. 2, p. 111, note 32, where many authorities are cited on the subject.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The chief complaint in the motion for rehearing is on the action of this court in holding that Bill of Exception No. Nine does not reflect error. An examination of the bill sustains the things said about it in the original opinion. Furthermore, it reflects that the court did everything which counsel asked him to do when objection was made to the argument of the State's

counsel, and this left appellant without any bill of exception effectively bringing before this court an error for consideration. The record does not reflect that they asked the court to give a written charge which he refused, or that they made complaint, or error was committed which could not be cured by instruction, nor does it set out anything in which the court refused to sustain the objection made to the fullest. It, therefore, appears that all the objections which were urged were fully satisfied by the trial court. There is nothing inflammatory about the argument, unfair as it appeared to be, and the verdict reached by the jury does not reflect in the least that any harm was done.

The same reasoning in our opinion disposes of the complaint made in the motion for rehearing as relates to Bill of Exception No. Eight.

The other bills have been re-examined and no error is found sustaining appellant.

The motion for rehearing is overruled.