BUSTER NORTHERN V. STATE.

No. 23157. November 10, 1948.
Rehearing Denied January 5, 1949.

570

Hon. Henry King, Judge Presiding.

*George Q. Youngblood, A. S. Baskett,* and *B. D. Paschall,* all of Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* and *Frank C. Moore, Jr.,* Assistants Criminal District Attorney, and *Douglas E. Bergman,* all of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the murder with malice of Mrs. Fannie McHenry and by the jury given the penalty of death.

The gruesome facts herein proven are practically the same as those in the previous appeal of this cause reported in Northern v. State, (150 Texas Crim. Rep. 511) 203 S. W. (2d) 206, and will not be repeated here.

It is claimed that there is a fatal variance between the allegation and the proof relative to the manner of causing the death of Mrs. McHenry. The allegation complained of reads in part as follows:

"* * * that one BUSTER NORTHERN on or about the 27th day of March in the year of our Lord One Thousand Nine Hundred and 46 in the County and State aforesaid, did then and there unlawfully, voluntarily and with his malice aforethought, kill Fannie McHenry by then and there kicking the said Fannie McHenry with his, the said Buster Northern's feet; contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State."

The portion of appellant's written statement relied upon as failing to correspond to the above allegation reads as follows:

"I told the woman to get out of the *cars,* that I wanted the papers, and she said why? I told her me and my brother were going to travel together and that we didn't have any use for her. She said that she had paid for the car with her money. She said you ain't gonna get it, I said yeh I am. She got out with an old wrench or something in the back *back* of the car. She hit at me and I ducked. Then I kicked her legs out from under her. Then I kicked her in the mouth with my shoe heel.

I think I kicked her three times around the face and head. I left her lying at the side of the road. I got back in the car and turned around, coming on back to town. I drove on over to the Sportatorium to the wrestling match, where I looked in the woman's purse, that had $11.65 in money in it. I took that out. As I was going across the viaduct, I threw a 32 Owlhead pistol into the river which belonged to the woman."

The assault described shows that appellant first "kicked her legs out from under her. Then I kicked her in the mouth with my shoe heel. I think I kicked her three times around the face and head. I left her lying at the side of the road."

The proof does show that the unfortunate lady was kicked in the mouth, and such was evidenced by the loss of several teeth. It also shows that her head and face were bruised, torn, mangled and broken into a well-nigh unrecognizable mass of bruises and lacerations; that her jaws were broken, her head crushed, her nose mashed flat, her ear well-nigh severed, and spinal fluid emanating therefrom.

Dr. Walter W. McCook testified, among other things, that the lady's "death was the result of the injuries which were inflicted on her and which she had at the time that I saw her in Parkland Hospital. My opinion would be that her injuries were caused by a number of blows because of the multiplicity of lacerations and bruises."

We would not think that the State should be restricted to the proposition of saying that the kick in the mouth was the sole cause of death. We express the opinion that the proof herein corresponds to the allegations in the indictment and sufficiently shows the manner of death.

In Bill of Exception No. 1, appellant complains because of the introduction in evidence of a certain birth certificate emanating from the State of Louisiana, issued by a certain Health Unit Division of Vital Statistics in Shreveport, Louisiana, authenticated by a registrar under a seal and certified to by the proper authorities, showing the birth of the tenth child, a white male, to Mr. and Mrs. E. D. Northern at Charity Hospital, Shreveport, Louisiana, the date of the birth being June 13, 1928. The introduction of such certificate was objected to because the same did not identify appellant, that it was hearsay, and was an unintelligible ex parte statement, and also because there had

been no testimony in this trial that Buster Northern was born in Louisiana. It is shown by the qualification of this bill that the State introduced in evidence the laws of Louisiana relative to birth certificates and their admissibility in the courts, together with a certificate from the Secretary of State of Louisiana relative to such statute, as well as a certificate of the Registrar of Vital Statistics that such was a true copy thereof, also a certificate by the District Clerk that such person was the Registrar, and one by the District Judge relative to the District Clerk, and by the Clerk relative to the District Judge. We also find an admission upon the part of appellant's attorneys that such certificate was admissible under the laws of Louisiana.

It is shown by appellant's own testimony that his mother's name was Pearlie; that she was known as Mrs. E. D. Northern; that he was the tenth child born to her; that she told him that he was born in the Charity Hospital in Louisiana; that she was part Indian, and that his father was born in Ireland. All these matters are found in the birth certificate, and the appellant's testimony corroborated such certificate save the date of his birth, his claim being that his birth occurred one year later, namely, June 13, 1929.

Appellant was charged with having committed this offense on March 27, 1946, making his age on such last-named date, 17 years, 8 months and 14 days, according to his evidence given on trial; and his statement taken at the time of the commission of the offense showed his age then to be 17 years old. We think this testimony conclusively shows him to have been born in the year 1928.

We think the certificate of birth was admissible under 28 U. S. C. A., sec. 688, under the full faith and credit clause. We are cited to the cases of Witt v. State, 59 Southern 715, 5 Ala. App. 137; and State v. Johnson, 78 Pac. (2d) 561, 194 Wash. 438.

Texas Law of Evidence (McCormick and Ray) p. 723, sec. 567, says:

"On a charge of assault to rape under age, a register of the birth and baptism of the girl in a church in another state was received."

The opinion in a case cited thereunder is found in Ford v. State, 82 Tex. Cr. R. 639, 200 S. W. 841, and therein Judge

Davidson cites a line of cases holding such certificate admissible under proper proof of its authenticity.

We find no error shown in such bill.

Bill No. 3 complains because of the introduction of certain articles found in the automobile shown to have been registered in Mrs. McHenry's name, because the same were claimed to have been taken from appellant while he was under arrest, and no search warrant was issued therefor, and same was not the alleged instrumentality of death, nor did their finding result in the arrest of appellant or the discovery of the crime. However, the court's qualification of the bill states that no such objection was made at the time of the introduction of the evidence. Regardless of that, we are of the opinion that the arrest of appellant was legal. It is shown that the arresting officer had received information that appellant was driving around in a stolen automobile bearing an Oklahoma License. The officer (a city policeman) began a search for him and soon found the car, and also located the appellant and took him into custody. The car was not that of appellant but belonged to Mrs. McHenry. Therefore, appellant had no right to complain of the search. Murry v. State, 148 Tex. Cr. R. 21, 184 S. W. (2d) 476; Lee v. State, 148 Tex. Cr. R. 220, 185 S. W. (2d) 978. Furthermore, under the statute (Art. 215, C. C. P.) the officer was justified in arresting the appellant. Again, under an ordinance of the City of Dallas, evidently passed under the authority of Art. 214, C. C. P., the policeman was justified in making this arrest. Moreover, the car was evidently stolen property, and under Art. 325, C. C. P., it was the duty of the police officer to take his personal property into his possession and bring the same, together with the supposed offender, before a magistrate for examination. The arrest was legal. Therefore, the taking into possession of the car and its contents were also legal and properly introduced herein. The contents of the car were introducible in evidence also as a matter of identification of the unfortunate lady who owned such contents, especially so in the presence of the testimony showing the condition of her face and head and the difficulty of identification. Again, if the officer was correct in taking the car into his possession, then he had the same right to take that which was found within the car.

Bill No. 4 relates to an objection to the introduction in evidence of a shoe and sock taken from the body of appellant evidently with blood stains thereon, identified by a toxicologist as human blood of Type A. The arrest being legal, the right of

search followed, and the presence of blood on the shoes, socks and trousers was admissible as a result of the search. See Beeland, et al v. State, 149 Tex. Cr. R. 272, 193 S. W. (2d) 687; Lee v. State, 148 Tex. Cr. R. 220, 185 S. W. (2d) 987; Wilson v. State, 143 Tex. Cr. R. 442, 158 S. W. (2d) 799.

Bill No. 5 relates to the introduction in evidence of a written statement signed by appellant wherein he detailed the circumstances surrounding the death of Mrs. McHenry, which statement is set forth in full in the former opinion in this case. See Northern v. State, 150 Texas Crim. Rep. 511, 203 S. W. (2d) 206. On the first page of this written statement is found a printed warning following the statute (Art. 727, C. C. P.) Upon having filled such page with typewritten matter, the scrivener prepared another page similar to the first page and also containing the same printed warning and continued thereunder the narrative form of such statement. The same procedure occurred relative to the third and last page, each page being signed by two witnesses as well as by appellant. Appellant objected to the introduction of this statement on the ground that "it appears therefrom that a portion thereof was printed matter and not a voluntary statement and could not be used as a confession." It is shown by the bill that the printed warning on the first page of the statement was read to the jury; that such printed portions on pages 2 and 3 thereof were not read to the jury, nor was any printed matter on the back of such pages read to the jury.. Evidently the second and third pages of this confession were inadvertently written on one of the sheets of paper with the statutory warning printed thereon and such inadvertence neither added to nor took from the context of the statement and was not used before the jury for any purpose. The State supported by proof the voluntary character of this statement. Furthermore, appellant took the stand and testified, and he did not mention the statement in any way, neither denying nor affirming it. His direct examination in full is as follows:

"My name is Buster Northern; I will be eighteen (18) years old on my birthday—I mean, nineteen (19) years old. My birthday is June 13th.

"I did not kill Mrs. McHenry.

"My mother and father are both dead; I never did see my father."

The careful trial court charged the jury that for an offense

committed before a person arrives at the age of seventeen years, no person shall be punished by death, and that unless they found that appellant was seventeen years of age at the time of the alleged commission of this offense, they could not inflict the death penalty. See Art. 31, P. C. The burden of showing such juvenility is upon the person asserting the same. See Flores v. State, 89 Tex. Cr. R. 506, 231 S. W. 786. Giving effect to such charge, evidently the jury found appellant's age to be over 17 years on the date of the alleged crime. This finding is supported by appellant's written statement as well as the birth certificate found in the record.

Again, it is asserted by a plea to the jurisdiction that appellant was a juvenile under the age of seventeen years, and that it was the duty of the trial court to transfer this cause to the Juvenile Court of Dallas County, Texas. This matter was controverted by the State in a showing that appellant was born on June 13, 1928, and was over 19 years of age at the time of the trial.

The time of the trial and not the alleged date of the offense determines the status of a person accused of crime in determining his juvenility. See McLaren v. State, 85 Tex. Cr. R. 31, 209 S. W. 669; Arrendell v. State, 60 Tex. Cr. R. 350, 131 S. W. 1096; also Dearing v. State, 151 Tex. Cr. R. 6, 204 S. W. (2d) 983. The burden of establishing a juvenile age rests upon appellant, and the trial court so instructed the jury. See Wilcox v. State, 33 Tex. Cr. R. 392, 26 S. W. 989; Williams v. State, 77 Tex. Cr. R. 237, 177 S. W. 965; Ellis v. State, 30 Tex. App. 601, 18 S. W. 139.

The testimony in this case shows a brutal killing of an inoffensive old lady for the purpose of possessing her automobile. There was no denial of the written statement which, together with the bruised and beaten body of deceased, seemed to have convinced the jury of the fact that her life was taken by the means charged in the indictment. That appellant was over the age of 17 years appears to be clearly shown and evidently convinced them that he had passed the age of juvenility at the time of the commission of the offense as well as at the time of the trial thereafter.

We have discussed each bill found in the record and acknowledge our indebtedness to the briefs both of appellant's diligent court-appointed attorneys as well as the attorneys for the State.

It is our opinion that the cause has been correctly tried and is free from error.

The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the proof showing appellant killed deceased by kicking her in the mouth and around the face and head with his shoe heels did not constitute proof of killing with the feet, as alleged in the indictment, and that we erred in reaching a contrary conclusion.

When appellant, as the proof showed, kicked deceased "in the mouth with my shoe heel," and "kicked her three times around the face and head," the force there used and exercised, causing death, was generated and motivated by kicking with the feet—which was therefore the instrumentality causing the death of deceased. That the feet were at the time clad with shoes with heels thereon did not change or alter that instrumentality.

We remain convinced that the proof authorized the jury's conclusion that the death of the deceased was caused by appellant's kicking her with his feet.

Appellant insists that his objection to the introduction of the birth certificate went not to the insufficiency of the predicate as a basis of its introduction but rather to the fact that appellant was not identified as the baby referred to in the certificate as having been born to Mrs. E. D. Northern. Obviously, such objection went to the weight and probative force of the certificate rather than to its admissibility. Moreover, the State, by other testimony, identified appellant as the baby mentioned in the certificate.

Appellant insists that the trial court should have instructed the jury to acquit appellant in the event they entertained a reasonable doubt as to whether he had arrived at the age of seventeen years at the time the offense was alleged to have been committed, it being contended that a male child can never be punished, criminally, for a crime committed by him before he reached the age of seventeen years. In support of this contention, appellant relies upon that provision of the Delinquent Juvenile Act (Vernon's Ann. Civ. Statutes, Art. 2338-1, Sec.

13) which provides, "nor shall any child be charged with or convicted of a crime in any court."

This question was before this court in Dearing v. State, 151 Tex. Crim. Rep. 6, 204 S. W. (2d) 983, where it was held that the provisions of the act referred to did not preclude a. male child, after reaching the age of seventeen years, from being tried and convicted of a crime committed by him before reaching the age of seventeen years. Giving effect to that holding in the instant case, it is apparent that appellant could be here prosecuted for the offense charged, even though the jury should find that he was not seventeen years of age at the time the offense was alleged to have been committed. That he had not reached the age of seventeen years at the time the offense was committed was, therefore, unavailing.

We remain convinced that the articles found in the automobile were admissible not only for the reasons assigned in our original opinion but for the further reason that same were so closely connected with the transaction, as a whole, as to be a part thereof.

In view of the penalty inflicted, we have again reviewed the entire record. We remain convinced that reversible error is not reflected.

The motion for rehearing is overruled.

Opinion approved by the Court.