ISAAC ROBERTS V. STATE.

No. 24291. March 16, 1949.
Rehearing Denied May 11, 1949.

J. K. *Russell* and *A. C. Crisman*, Cleburne, and *Marvin B. Simpson, Jr.*, and *Fred S. Dudley*, Fort Worth, for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a period of 55 years.

The record before us reflects that appellant, a boy fifteen years of age, lived with his aunt and uncle, Effie and Marvin Pitts, at the time of the commission of the offense, and assisted them in a measure with the operation of a dairy. A few days prior to the day of the unfortunate occurrence, appellant purchased a .22 caliber rifle. On the day in question Mr. and Mrs. Pitts' daughter, who was employed at Fort Worth, came by bus to Joshua where Mr. Pitts and appellant met her and carried her, in a pickup truck, out to their home where she spent the day. Late in the afternoon Mr. and Mrs. Pitts took her back to Joshua where she caught a bus and returned to Fort Worth. Before leaving home, they inquired of appellant if he didn't want to go with them to Joshua. He replied that he had been there in the morning and didn't want to go. However, he asked Mr. Pitts to purchase some candy for him. Pitts did not find the kind of candy the boy desired and therefore did not purchase any.

When Mr. and Mrs. Pitts returned from Joshua, they found the front door of their house locked. They then went to the rear of the house and entered by the back door. Mrs. Pitts went into their bed room while Mr. Pitts went to the sink in the kitchen to wash his hands. At this time, appellant inquired of Mr. Pitts, his uncle, if he had brought any candy for him. Upon being told that he had not, appellant shot him four times with the .22 caliber rifle. Mrs. Pitts heard the shooting and undertook to run out of the front door when appellant overtook her and pointed the gun at her, whereupon, she remarked, "Ike, you don't have to hurt me." To which he replied, "Oh, Yes, I do." However, she kept telling him that he did not have to hurt her. He raised the gun and she grabbed it and tried to get him to let her have it which he declined to do saying to her, "You will kill me." She finally induced him to take the gun apart and give her the barrel while he kept the stock which he carried with him to the kitchen where he laid it on a table. He then took the truck keys out of his uncle's pocket, picked up his uncle's billfold from the floor, went out of the house, and left in the pickup truck.

He was apprehended by two highway patrolmen near Waco and returned to Cleburne where on the following day he made a purported confession in which he unequivocally admitted that he killed his uncle, Marvin Pitts. Thereafter, Judge Penn J. Jacson of the district court entered an order on the 24th day of June, 1946, revoking the parole under which appellant was released to his uncle from the State Juvenile Training School at Gatesville and returned him to said institution by virtue of a judgment of the juvenile court entered on September 27th, 1944. After he had become 17 years of age, he was indicted and tried for the offense of murder, and was convicted.

There was no plea of former jeopardy filed and presented to the court, nor are there any exceptions to the court's charge or any bills of exceptions in the record complaining of any errors. It seems that appellant's sole contention is that since he was a juvenile delinquent over the age of 10 and under the age of 17 years at the time of the commission of the offense charged herein, he could not be guilty of a crime under the Juvenile Delinquency Act passed by the 48th Legislature in 1943. Vernon's Ann. Civil Statute, Art. 2338-1, Sub-Sec. (3) of Sec. 13.

Each member of this court has expressed himself giving the varied views of the members of the court on the question

here involved. In Santillian v. State, 147 Tex. Cr. R. 554, 182 S. W. (2d) 812-815, 159 A. L. R. 1098; and in Dearing v. State, 204 S. W. (2d) 983. It is not necessary to review the holding in those opinions.

The appellant in this case was not adjudged guilty of any act because of the murder herein charged. He was returned to the juvenile training school on a former sentence. Even if he had been tried again it would have been under the act of the 48th Legislature, supra, and could, under no view expressed by this court, have been of a nature to support a plea of former jeopardy. Under the long line of authorities of this state, the appellant could be tried for murder committed before he became 17 years of age, though it was necessary to postpone his trial and conviction until he had arrived at the age of 17 years.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant but reiterates the propositions presented to us originally that on account of the fact that at the time of the killing of his uncle he was a juvenile, and under the Act of the 48th Legislature, Chap. 204, p. 313, he was incapable of committing any criminal offense; that he was a ward of the state, being at such time under a commitment from a juvenile court prescribing his custody to the State Training School for Juveniles at Gatesville, Texas, and therefore this trial court had no jurisdiction over him.

His early commitment was shown to have been based upon some act denounced by the statute at some period previous to the killing of Mr. Pitts, and some service in such school was shown. Frequent paroles had been granted him by this same trial court sitting as a juvenile court. Various violations of such paroles were shown, and finally he was paroled to Mr. Pitts, while still under a judgment as a juvenile delinquent. Upon the killing of Mr. Pitts, this same court revoked this parole to Mr. Pitts, he being dead, and returned appellant to the custody of the authorities at such training school under his original conviction. Upon arriving at the age of seventeen years, appellant was returned to Johnson County and tried for the murder of Mr. Pitts.

Prior to· the instant trial appellant had never been tried as a delinquent juvenile for the killing of Mr. Pitts, and such is shown by the record wherein his parole was revoked. In said order it was shown that appellant, having been previously committed to such training school on September 27, 1944, he was thereafter paroled to Marvin Pitts, and the said Pitts now being dead, the juvenile was returned to the care, custody and control of such institution to serve his original judgment, said order being dated June 24, 1946, in Cause No. 18, in the matter of Isaac Roberts, a delinquent child. It is worthy of note that Mr. Pitts met his death on June 16, 1946, nearly two years after appellant had been adjudged a delinquent juvenile. This juvenile was returned to the state school, not for having killed Mr. Pitts, but his parole was revoked because the person to whom he had been paroled was dead.

We cannot subscribe to the doctrine that as long as this appellant was under commitment to the state school, that is, until his twenty-first birthday, he could not be further punished for any offense committed until after he had reached such twenty-first birthday. We do know that there are numerous precedents allowing his trial upon an offense committed while in the age of juvenility, such trial occurring after he had passed such age of juvenility. See Arrendell v. State, 60 Tex. Cr. R. 350, 131 S. W. 1096; McLaren v. State, 85 Tex. Cr. R. 31, 209 S. W. 669; Dearing v. State, 151 Tex. Cr. R. 6, 204 S. W. (2d) 983; Walker v. State, 119 Tex. Cr. R. 330, 45 S. W. (2d) 987; Stallings v. State, 129 Tex. Cr. R. 300, 87 S. W. (2d) 255; Hardie v. State, 140 Tex. Cr. R. 368, 144 S. W. (2d) 571.

In the case of Arrendell v. State, supra, this court proffers an argument that in the event a juvenile commits the crime of murder and is enlarged for many years, and then at his advanced age he be brought to trial for a murder many years old, if he be tried and convicted as a juvenile, we would find him as such only committed to such school until he has reached his twenty-first birthday, and yet he has long since passed such mile-post in age. The law does not expect such an impossible thing to be done.

We adhere to the views expressed in our original opinion, and the motion for a rehearing is overruled.