**Roger FAIN, Petitioner,**

**v.**

**Ed DUFF, as Volusia County Sheriff, and O. J. Keller, as Director of Division of Youth Services of Florida, Respondents.**

**No. 72–604–Civ–J–M.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 15, 1973.

Thomas A. Goldsmith, Philip H. Elliott, Jr., Daytona Beach, Fla., for plaintiff.

John W. Tanner, Daytona Beach, Fla., and Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for defendants.

ORDER

McRAE, Chief Judge.

In 1970, petitioner Roger Fain, on account of certain misconduct, was adjudged a delinquent by Florida authorities competent to make such an adjudi-

cation. Shortly thereafter, an indictment for rape was returned against petitioner alleging the same acts on which the delinquency adjudication had been predicated. When the identity of the facts was pointed out to the trial judge, he dismissed the indictment. The State appealed to the First District Court of Appeals,[1] which reversed the trial court. The Supreme Court of Florida heard the question on the merits and affirmed the judgment of the First District Court of Appeals,[2] but stayed its mandate until this Court might act.

Meanwhile, petitioner has been in the custody of juvenile authorities pursuant to his being adjudicated delinquent, and is presently held at Marianna, Florida, in the Northern District. At the hearing in this cause, the testimony of Mr. Lenox E. Williams, Superintendent of the Dozier School for Boys, established that the juvenile authorities are of the opinion that petitioner has been rehabilitated and the authorities are prepared to release him but for the probability that his release from the Dozier School for Boys would simply result in his rearrest by Volusia County authorities on the strength of the judgment of the Florida Supreme Court.[3] While it is true, as a technical matter, that the rape indictment is not outstanding so long as the Supreme Court of Florida's stay is in force, this circumstance in no way alters the fact that but for the indictment, waiting only a ministerial act to become effective, petitioner would be a free man.[4]

■ This Court's analysis commences with the axiomatic proposition that the central office of the writ of habeas corpus is to test the legality of a prisoner's present restraint. Walker v. Wain-

wright, 390 U.S. 335, 88 S.Ct. 962, 19 L. Ed.2d 1215 (1968). The present case is analogous to the case where a person, in custody under one conviction and sentence, challenges another conviction and sentence that is to commence in the future. *See* e. g. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). In those cases, the authorities who are to take custody *in futuro* lodge a detainer with the authorities who have actual custody, and *habeas jurisdiction* arises because of the more stringent quality of present custody attributable to further incarceration anticipated elsewhere. In the present case, the testimony of Mr. Williams has established the same necessary link between petitioner's present status and anticipated incarceration elsewhere that the lodging of the detainer establishes in the *Peyton* line of cases. Of course, in the present case it is not merely the quality but the very existence of custody that is attributable to anticipated incarceration.

■ The present case is also highly unusual in that it is pretrial custody rather than an imposition of sentence that faces petitioner, and accounts for his present confinement. This difference is immaterial, however, both to the custody aspect of the case and to the question of exhaustion with which every state prisoner habeas case must deal. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). This is for the obvious reason that the trial court's ruling dismissing the indictment has permitted exhaustion of what is, in other circumstances, normally an interlocutory question. The "remedies available in the courts of the State," 28 U.S.C. § 2254(b), have been exhausted and the

---

1. State v. R.E.F., 251 So.2d 672 (1971).

2. R.E.F. v. State, 265 So.2d 701 (1972).

3. Still another prosecutorial writ—an information based on the same "transaction"—is outstanding against petitioner. But the offense is bondable and petitioner has posted bond so that he need not fear arrest for Volusia County Officials on that account—at least until after conviction.

4. It is clear that petitioner will be returned to Volusia County for trial based on the indictment unless the Florida Supreme Court reverses itself. Fla.Stat. § 924.37(1) F.S.A., (1971) provides that "[w]hen the state appeals from an order dismissing an indictment (and the order is reversed), the appellate court shall direct the trial court to permit the defendant to be tried on the reinstated indictment . . . ."

only argument to the contrary is the very strained one that the State appellate courts might reverse themselves on appeal from final conviction, a course that has been foreclosed unless the State appellate courts should overrule very recent precedent they have unanimously laid down. Moreover, it is clear that the federal system is designed principally to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' constitutional rights, and not for such speculative possibilities as respondents suggest. Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963). Since the State of Florida has had this initial opportunity, the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied. Accord Wilwording v. Swenson, 404 U.S. 249, 92 S. Ct. 407, 30 L.Ed.2d 418 (1971).

The respondents have taken the position that, conceding jurisdiction in some federal district court, the only district court that has jurisdiction is the District Court for the Northern District of Florida, where petitioner is presently physically detained. Respondents have not taken the position that, if this Court determines that it has jurisdiction, venue might more properly be laid in the Northern District. Nor could they do so, because the only person from Marianna, Florida, whose presence was necessary at the hearing before this Court, Mr. Williams, appeared voluntarily, no subpoena having been issued. Any venue argument must, moreover, ring hollow at this point in the proceedings, since a full evidentiary hearing, for which everyone has appeared, has been already held. But this is not respondents' position. Rather, they assert that under the authority of Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), the "prisoner must be within the territorial jurisdiction of the District Court in order to obtain from it

a writ of habeas corpus." Id. at 191, 68 S.Ct. at 1444. This rule, which the dissent in Ahrens characterized as cutting "sweepingly at the roots of individual freedom," is not applicable here. See 28 U.S.C. § 2241(d) as amended; and Peyton v. Rowe, supra. Accord Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969 en banc).

The Supreme Court in Ahrens construed 28 U.S.C. § 2241(a), "within their respective jurisdictions," as limiting the power of the federal district courts to grant writs of habeas corpus to only those petitioners confined within their territorial jurisdiction. (emphasis provided). However, Congress in 1966, expanded the jurisdictional grant of 28 U.S.C. § 2241 by adding subsection (d), which vests jurisdiction in the district court not only where petitioner is confined, but also where he has been convicted and sentenced. See Act of September 19, 1966, Pub.L. 89–590; 80 Stat. 811, amending 28 U.S.C.A. § 2241 (1948).[5]

Respondents, however, further assert that since petitioner is confined in the Northern District of Florida, and that since petitioner has not been sentenced and convicted by a state court within the Middle District of Florida, 28 U.S.C. § 2241(d) does not provide this Court with jurisdiction of the case. In effect, respondents submit that petitioner has only one forum to present his petition, that being the geographical district where petitioner is presently confined. This is simply on account of the fact that petitioner is challenging his present restraint which is caused not by any conviction and sentence but by pretrial proceedings.

 This Court does not restrict 28 U.S.C. § 2241(d) to such a narrow and formalistic construction. Cf. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct.

---

5. It is appropriate to note that the Fifth Circuit in Mitchell v. Henderson, 432 F.2d 435, 436 (1970), has intimated that the purpose of 28 U.S.C. § 2241(d) ". . . is to provide a more convenient forum for witnesses.

Although section 2241(d) primarily governs jurisdiction, we believe it has implications as to venue between divisions in the same district."

373, 9 L.Ed.2d 285 (1963). (liberal reading of "custody" within the meaning of 28 U.S.C. § 2241). The intent of Congress when it enacted Section 2241(d) was to fairly distribute the workload between the federal districts in a multi-district state, clearly in accord with the purpose of 28 U.S.C. § 2255. Act of September 19, 1966, Pub.L. 89–590, Legislative History at p. 2968. With this purpose in mind, and in view of the function of the Great Writ, which is to provide a prompt and efficacious remedy for whatever intolerable restraints the United States Constitution forbids, this Court does not consider it appropriate to limit jurisdiction under Section 2241(d) to post-trial inquiries. As enunciated by the Supreme Court in Fay v. Noia, *supra*, at 418 of 372 U.S., at 838 of 83 S.Ct., citing Cook v. Hart, 146 U.S. 183, 194, 13 S.Ct. 40, 36 L.Ed. 934 (1892).

" . . . [w]hile the Federal courts have the power and may discharge the accused in advance of his trial, if he is restrained of his liberty in violation of the Federal Constitution or laws, . . . the practice of exercising such power before the question has been raised or determined in the state court is one which ought not to be encouraged."

Since the exhaustion requirement of 28 U.S.C. § 2254 has been satisfied in the present case, habeas inquiries can be appropriately extended to claims attacking restraints based on pretrial proceedings. *Cf.* Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1960). (right to speedy trial). This Court's approach is clearly in line with the Supreme Court's policy that state prisoners seeking federal habeas corpus relief after exhausting state court remedies should be able to do so at the earliest practicable time. Peyton v. Rowe, *supra*. *See* Carafas v. LaVallee, 391 U.S.

234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). With this in mind, the Court now proceeds to an adjudication on the merits.

Respondents primarily assert that an adjudication by a juvenile court in which a child is adjudged a delinquent is not tantamount to a criminal conviction in adult court; and since a juvenile adjudication is not a criminal proceeding, jeopardy there does not attach. Therefore, respondents argue, an indictment returned against petitioner charging him with the same acts on which the delinquency adjudication had been predicated is not either fundamentally unfair or proscribed by the double jeopardy clause of the United States Constitution.

In addition, respondents contend that the present case is distinguishable from Hultin v. Beto, 396 F.2d 216 (5th Cir. 1968), wherein the Fifth Circuit held that an indictment, trial, and conviction of a person, which is based on the same acts for which he had previously been adjudged a delinquent child and confined in a state boys' school, violated fundamental fairness and therefore constituted a deprivation of due process. In support of their position, respondents point to the differences between the Texas Juvenile System and the Florida Juvenile System. In particular, respondents rely on Fla.Stat. § 39.02, F.S.A., (1971), which vests the juvenile judge with the discretion to transfer a case in certain specified instances, and thus by transferring the case he waives jurisdiction and permits the State to prosecute the juvenile as an adult. Whereby in Texas, the juvenile judge is not given this discretion since no minor there can be tried for a criminal offense if he is less than 17 years of age. Respondents assert that since the State of Florida could have prosecuted petitioner as an adult if the juvenile court would have waived jurisdiction, it should not now be precluded from doing so.[6]

6. Respondents additionally argue that pursuant to Fla.Stat. § 39.02(6)(c), F.S.A., if an indictment had been returned before the juvenile court had acted, the indictment itself would have relieved the juvenile court of jurisdiction. While recognizing this position

The Court finds this argument unpersuasive. These noted differences in the Florida and Texas juvenile systems do not rise to the level of distinguishing this case from *Hultin, supra.* This Court, furthermore, holds that since petitioner is challenging an adult prosecution after a juvenile proceeding, under the authority of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), (double jeopardy prohibition of the fifth amendment applicable to the States through the due process clause of the fourteenth amendment), and Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), (State trial based on same acts as an earlier municipal court conviction constitutes double jeopardy) it is in violation of the double jeopardy clause for an indictment to be returned against a person charging him with the same acts on which the delinquency adjudication had been predicated. The facts in *Waller* show that a person who had been convicted in municipal court for violation of a municipal ordinance was then again convicted in state court for violation of a state crime which was similar to that of the municipal ordinance. The Supreme Court held that since state courts and municipal courts are both established under state authority they could not be treated as separate sovereigns; and accordingly, a person "could not lawfully be tried both by the municipal government and by the State of Florida." *Id.* at 395, 90 S.Ct. at 1188. The Court finds the *ratio decidendi* of *Waller* equally applicable here.

■ The fifth amendment to the United States Constitution states in pertinent part that . . . "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb, . . .". Therefore, it is crystal clear that when a person is put before a juvenile court, and that court is competent to act and has the authority to threaten this person with loss of liberty, jeopardy attaches to the proceeding; and consequently, any subsequent proceeding in adult court based on the same acts which were charged in the juvenile proceeding is constitutionally impermissible. *See* United States v. Dickerson, 168 F.Supp. 899 (D.D.C.1958), rev'd on other grounds, 100 U.S.App.D.C. 221, 271 F.2d 487 (1959).

In sum, this Court believes that respondents have failed to show any sound reason why petitioner should not be afforded the protections of the double jeopardy clause. The Court fails to discern any useful purpose that can be served by exposing petitioner to a second trial based on the same acts. If a second trial were allowed, it would not only undermine the strength of our juvenile system but also the value placed on individual liberty.

Upon consideration that Mr. Lenox E. Williams, Superintendent of the Dozier School for Boys, Marianna, Florida, is of the opinion that petitioner has been rehabilitated, and therefore is prepared to release him but for the proceedings against petitioner for rape, it is

Ordered:

1. This Court finds that it is in violation of due process, in that it is not only fundamentally unfair, but also prohibited by the double jeopardy clause of the United States Constitution, and therefore constitutionally impermissible for petitioner to be prosecuted on the rape indictment returned by the Fall Term Grand Jury of Volusia County, Florida, on December 2, 1970, which is subject only to a ministerial act before reinstatement.

2. Respondent O. J. Keller, Director of Youth Services of Florida, is directed to release petitioner forthwith from physical custody and to proceed with rehabilitative placement possibilities.

---

as being correct, it is nevertheless clear to the court that when petitioner was tried in juvenile court, that court had jurisdiction and was competent to act.