[Crim. No. 31474. Second Dist., Div. One. May 24, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
ENRIQUE PICHARRO GONZALEZ, Defendant and Appellant.

## COUNSEL

Vincent J. Marella, under appointment by the Court of Appeal, and Bird & Marella for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward

T. Fogel, Jr., and Robert D. Breton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—A jury having rejected his defense of alibi and his testimony that he did not commit the crimes charged, defendant, Enrique Picharro Gonzalez, was convicted of three counts of lewd and lascivious conduct upon the person of 13-year-old Renee S. and one count of violation of Penal Code section 286, subdivision (c), sodomy committed upon the same victim, a person under the age of 14 by one who is more than 10 years older than the victim. The crimes were committed prior to July 1, 1977, the effective date of the determinate sentence act. In this appeal, Gonzalez contends: (1) subdivision (c) of Penal Code section 286 violates his constitutional guarantee of equal protection because the age classifications neither serve a compelling state interest nor are supported by a rational basis; and (2) the trial court prejudicially erred in failing to instruct on the necessity of a union of general intent and act in relation to the charge of sodomy.

We conclude that while the strict scrutiny test is mandated in the case at bench by *People* v. *Olivas* (1976) 17 Cal.3d 236, 251 [131 Cal.Rptr. 55, 551 P.2d 375], the test is satisfied by the questioned statute. We conclude, also, that error, if any, in the trial court's failure to instruct on general intent is harmless on the record here. Accordingly, we affirm the judgment.

### *Penal Code section 286, subdivision (c)*

Penal Code section 286 enacted in 1975 redefines the crime of sodomy. While not prohibiting the conduct by consenting adults, the statute retains the crime when a person participates in it with another who is under the age of 18. The statute classifies the crime into three categories. If the victim is under 18 years of age, the crime is either a misdemeanor or felony as the court determines. (Subd. (b)(1).) If the defendant is over 21 and the victim is under 16, the crime is a felony. (Subd. (b)(2).) If the victim is under the age of 14 and the defendant is more than 10 years older than the victim, the crime is a felony which, by the 1975 version of the statute, was punishable by a minimum term in state prison of 3 years,

and by the determinate sentence act of 1976 is punishable by a term of 2, 3, or 4 years. (Subd. (c).)

Gonzalez contends that the statutory scheme denies him equal protection by creating a special class of crime that can be committed only by persons more than 10 years older than victims under the age of 14.

We note at the outset that the various subdivisions of Penal Code section 286 create classifications of restraints upon liberty. The 1975 version of subdivision (c) imposed a minimum prison term of three years, while subdivision (b)(1) permitted a county jail sentence and subdivision (b)(2) did not impose a minimum term. As amended to conform to the determinate sentence statutory scheme, subdivision (b)(1) retains the possible minimum of a county jail sentence; subdivision (b)(2), by not specifying a term, imposes the possibility of a sixteen-month, two-year, or three-year incarceration (Pen. Code, § 18), and subdivision (c) sets the sentencing range at two, three, or four years.

Classifications which deal with restraints upon personal liberty are subject to the strict scrutiny test applicable to equal protection of fundamental interests. (*People* v. *Olivas, supra,* 17 Cal.3d 236, 251.) Thus, a defendant sentenced as a youthful offender may not be subjected to a greater period of restraint upon his liberty than if he had been sentenced as an adult. (*People* v. *Olivas, supra.*)

Penal Code section 286 withstands strict scrutiny. That test is satisfied by a compelling state interest which justifies the classification and distinctions in the classification which are necessary to the purpose. (*People* v. *Olivas, supra,* at p. 251.)

There is a compelling state interest in the protection of children from sexual molestation by persons who are materially more mature. Undeniably, there is a greater likelihood that a young child will succumb to the sexual blandishment of one who is much older than that the child will do so when the conduct is solicited by one close to the child's own age. There thus exists a compelling state interest to classify as a special category sexual misconduct of a materially older person where the victim of the conduct is a young child. Classifications based upon the ages of the victim and the offender are necessary to carry out the state interest.

Once the strict scrutiny test is met so as to justify a classification, the precise parameters drawn by the classification need only be rationally

related to the interest protected. (See *People* v. *Kingston* (1974) 44 Cal.App.3d 629, 637 [118 Cal.Rptr. 896].) It is a legislative and not judicial function to draw statutory dividing lines where the classification is constitutionally permissible. (*Mason* v. *Henderson* (E.D.La. 1972) 337 F.Supp. 35, 37.) ■ We thus conclude that Penal Code section 286, subdivision (c) withstands defendant's constitutional challenge.

Our conclusion is buttressed by a close analysis of *People* v. *Olivas, supra,* 17 Cal.3d 236, the decision which, applying the California Constitution, adopts the strict scrutiny test of classifications bearing upon personal liberty and in so doing reaches a result contrary to the federal cases which permit longer confinement for juveniles than for adults convicted of crimes based upon the same conduct. (See, e.g., *Carter* v. *United States* (D.C. Cir. 1962) 306 F.2d 283.) *Olivas* does not declare that the strict scrutiny test invalidates the classification between adults and youthful offenders created by the California statutory scheme. Rather, *Olivas* holds that while "the state has an interest in the rehabilitation of youthful offenders [it has] not been shown how [the] sentencing scheme [which permits an adult sentenced as a youthful offender to be confined longer than if he were sentenced as an adult] is necessary to further that interest. Assuming arguendo that rehabilitation is a compelling state interest, we cannot determine what minimum period of confinement is sufficient to achieve the state's goal of meaningful rehabilitation." (17 Cal.3d at p. 255.)

In *Olivas,* the statute failed to meet constitutional standards because: (1) the statute was not necessary to protect the compelling state interest purported to be served by it; and (2) the classification made by the statute could not be rationally related to the state interest. In contrast, the case at bench presents a situation in which there is a compelling state interest in the protection of children from persons of greater age who would impose upon them. That interest in turn requires the definition of the age group to be protected and the age group from whom the children are to be protected. The definitions of age groups adopted by the Legislature are rationally related to the need to define and the state interest served.

### Lack of Jury Instruction

The trial court instructed the jury on specific intent as related to the three charges of lewd and lascivious acts upon a child. Gonzalez did not request, and the court did not *sua sponte* instruct, upon the union of general intent and act required for the crime of sodomy. ■ Gonza-

lez contends in this appeal that the trial court prejudicially erred in not giving the general intent instruction.

Assuming, without deciding, that the court was required to give the instruction upon its own motion, any error was harmless.

■ The crime of sodomy requires only a general and not specific criminal intent. (*People* v. *Thornton* (1974) 11 Cal.3d 738, 765 [114 Cal.Rptr. 467, 523 P.2d 267], cert. den., *sub nom. Thornton* v. *California* (1975) 420 U.S. 924 [43 L.Ed.2d 393, 95 S.Ct. 1118].) General intent requires only that the actor intend the act which constitutes the crime. (*People* v. *McLaughlin* (1952) 111 Cal.App.2d 781, 791 [245 P.2d 1076].)

■ Gonzalez' intent to commit the act of sodomy with which he was charged was never in issue in the case at bench. There is no suggestion in the record that the act was the result of accident or mistake. Rather, the trier of fact was presented with a direct conflict of testimony by which the victim related the act, and Gonzalez denied it and pursued an alibi defense. On this record, the failure to instruct on the necessity of the union of a general intent with the proscribed act is thus harmless. There is no reasonable probability that a result more favorable to Gonzalez would have been reached had the instruction been given. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], cert. den., *sub nom. Watson* v. *Teets* (1957) 355 U.S. 846 [2 L.Ed.2d 55, 78 S.Ct. 70].)

*Disposition*

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied June 15, 1978, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1978.