Richard SAWYER

v.

W. B. HAUCK, Sheriff of Bexar County, Texas.

Civ. No. 3542.

United States District Court
W. D. Texas,
San Antonio Division.

May 25, 1965.

John R. Locke, Jr., San Antonio, Tex., for petitioner.

James E. Barlow, Crim. Dist. Atty., Bexar County, Tex., and Preston H. Dial, Jr., First Asst. Criminal Dist. Atty., Bexar County, Tex., for defendant.

SPEARS, Chief Judge.

On the 19th day of May, 1965, a hearing was held on the petition for writ of habeas corpus filed by Richard Sawyer on March 31, 1965. The facts are as follows:

On April 2, 1960 petitioner killed his parents, William C. Sawyer and Marjory Sawyer, by shooting them with a gun. At such time he was fifteen years of age, having been born on August 17, 1944.

On April 5, 1960 a petition was presented to Honorable Joe Frazier Brown, Judge of the 150th Judicial District Court of Bexar County, Texas, sitting as the Juvenile Court, by the Criminal District Attorney of such County, in cause No. 12927, alleging that this petitioner was a delinquent child and praying that he be so adjudged, because "(S)aid child has violated the penal code of the State of Texas of the grade of felony". At the time the petition was presented the Court was advised that the general grounds in support thereof would be the killing by this petitioner of his mother and father. A hearing was held on May 5, 1960, at which time three witnesses, including the investigating officers, testified concerning both homicides. No evidence was offered with respect to any other violations by this petitioner of the penal code of the State of Texas of the grade of felony. The Court's judgment in that proceeding, dated May 5, 1960, declaring this petitioner to be a delinquent child, was based upon the homicide of both his parents, and he was committed thereunder to the care, custody and control of the Texas Youth Council "for an indefinite period of time not to exceed the time he shall have become twenty-one years of age."

After the entry of such order, petitioner was confined in the State School for Boys at Gatesville until November 30, 1962, when he was arrested and taken into custody by the Sheriff of Bexar County, Texas, under a bench warrant issued by the judge of the 175th Judicial District Court of Bexar County, in cause No. 61553 on the docket of said Court, styled The State of Texas v. Richard

Sawyer, wherein petitioner, as the defendant in said cause, stood charged by indictment with the offense of murder with malice.

On February 7, 1963, petitioner, being at such time over seventeen years of age, entered his pleas of guilty to the indictments returned into the 175th Judicial District Court on November 28, 1962, in causes Nos. S–61553 and S–61554, styled The State of Texas v. Richard Sawyer, charging him with the murder of his parents, and was assessed punishment in each case at confinement in the penitentiary for ten years. The sentence pronounced in each case provided for "(S)aid sentence to begin and operate from and after the 30th of November, 1960, the date of the defendant's incarceration."

A petition for writ of habeas corpus on behalf of petitioner was presented to the Honorable John F. Onion, Jr., Judge of the 175th Judicial District Court of Bexar County, Texas, on September 2, 1964, in which it was alleged that petitioner was being illegally restrained of his liberty by the Director of the Texas Department of Corrections, by virtue of the said two judgments of conviction previously rendered against him. A hearing on said petition was conducted by Judge Onion under the provisions of Vernon's Ann.C.C.P. Art. 119, in which the facts were developed and certified to the Court of Criminal Appeals, the Court of last resort in Texas for criminal matters.

By a divided Court, the Court of Criminal Appeals, on December 16, 1964, denied the relief sought, Ex parte Sawyer, (Tex.Crim.App., 1964) 386 S.W. 2d 275, rehearing denied on February 3, 1965; however, a majority of that Court agreed that this case was indistinguishable from Garza v. State, (Tex. Crim.App.1963) 369 S.W.2d 36, which had been decided to the contrary by the same Court, having the identical personnel, on May 22, 1963. Petitioner is now confined in the Bexar County jail in the custody of respondent, W. B. Hauck, as the Sheriff of Bexar County, Texas.

While the Court of Criminal Appeals of Texas has held that proceedings in Juvenile Court are civil rather than criminal in nature, Garza v. State, (Tex.Crim.App.1963) 369 S.W.2d 36, 39, the constitutional guaranty of fundamental fairness and due process is applicable to all proceedings, irrespective of whether they are denominated criminal or civil, if the outcome may be deprivation of liberty of the person. "Precious constitutional rights cannot be diminished or whittled away by the device of changing names of tribunals or modifying the nomenclature of legal proceedings. The test must be the nature and the essence of the proceeding rather than its title. If the result may be a loss of personal liberty, the constitutional safeguards apply". United States v. Dickerson, D.D.C.1958, 168 F.Supp. 899, reversed on other grounds, 106 U.S.App. D.C. 221, 271 F.2d 487.

A juvenile cannot "be adjudged a delinquent child and held in custody as such, and, without regard to how he may respond to the guidance and control afforded him under the [Texas] Juvenile Act, be indicted, tried and convicted of the identical offense after he reaches the age of 17." Garza v. State, (Tex.Crim. App.1963) 369 S.W.2d 36, 39.

Since the indictments, trials and convictions in causes Nos. S–61553 and S–61554 were for the same acts and offenses for which petitioner had been previously adjudged a delinquent child and confined in the Gatesville State School for Boys, they violated fundamental fairness and constituted a deprivation of due process under the Fourteenth Amendment to the Constitution of the United States.

Under the circumstances of this case, the judgments of conviction rendered on February 7, 1963, in causes Nos. S–61553 and S–61554 on the docket of the 175th Judicial District Court of Bexar County, should be set aside, the petition for writ of habeas corpus granted, and petitioner discharged from confinement under said judgments of conviction. Simultaneously with his discharge from confinement

under said judgments of conviction, petitioner should be returned to the custody of the Texas Youth Council to be held pursuant to the judgment of the 150th Judicial District Court of Bexar County, entered in cause No. 12927 on May 5, 1960.

It is, therefore, ordered that the petition for writ of habeas corpus herein be and the same is hereby granted; that the judgments of conviction entered on February 7, 1963, in causes Nos. S–61553 and S–61554, on the docket of the 175th Judicial District Court of Bexar County, Texas, be and they are hereby set aside; that petitioner be and he is hereby discharged from confinement under said judgments of conviction; and that petitioner be simultaneously therewith returned to the custody of the Texas Youth Council to be held pursuant to the judgment of the 150th Judicial District Court of Bexar County, Texas, entered in cause No. 12927 on May 5, 1960, "for an indefinite period of time not to exceed the time he shall have become twenty-one years of age."

Judgment entered accordingly.