**Howard E. HULTIN, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 25494.

United States Court of Appeals
Fifth Circuit.

May 30, 1968.

William F. Walsh, Michael W. Ramsey, Houston, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst., R. L. Lattimore, Howard M. Fender, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

DYER, Circuit Judge.

Appellant, now serving a state imposed life sentence for murder with malice aforethought, appeals from the District Court's denial of his petition for a writ of habeas corpus.

At the age of sixteen, appellant stabbed two minors, injuring Michael Lethcoe and killing Linda Ruble. The state brought charges against appellant in the juvenile court[1] seeking to have him declared a delinquent child solely on the basis of the non-fatal assault. Appellant's counsel filed a supplemental petition presenting the fatal assault to the court. The state moved to strike this petition, but the court denied the motion after considering arguments and authorities submitted by both sides. Although the court suggested that an appeal would be appropriate, the state did not challenge the court's denial of its motion. The juvenile court then heard testimony concerning both offenses, accepted appellant's confession to both crimes, and adjudged him a delinquent child on the basis of both the assault and the murder. Appellant was committed to the control of the Texas Youth Council until his twenty-first birthday. However, when appellant reached the age of seventeen he was indicted, tried and convicted as an adult of murder with malice in the killing of Linda Ruble, and sentenced to life imprisonment. Appellant has unsuccessfully sought relief on both the

1. In 1960, when these events took place, Texas law forbade the prosecution as an adult of a male under the age of seventeen. Article 30, Texas Penal Code of 1925.

state and federal levels contending that his conviction for murder with malice subjected him to double jeopardy and denied him due process of law under the Fourteenth Amendment.

The Supreme Court, although it has had recent opportunity to do so, Chicos v. State of Indiana, 1966, 385 U.S. 76, 87·S.Ct. 271, 17 L.Ed.2d 175, has not rejected the principle enunciated in Palko v. State of Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, that the Fourteenth Amendment does not impose on the states the federal double jeopardy standard of the Fifth Amendment. However, Palko also teaches that the state may not "violate those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.'" Palko v. State of Connecticut, supra, at 328, 58 S.Ct. at 153. Being of the opinion that the state's actions in this case do not meet the test of "fundamental fairness" under the due process clause of the Fourteenth Amendment, we do not reach the double jeopardy question.

■ The federal and state courts in Texas have in recent years considered whether the procedure to which appellant was subjected violates the Fourteenth Amendment. Both courts have agreed that "A juvenile cannot 'be adjudged a delinquent child and held in custody as such, and, without regard to how he may respond to the guidance and control afforded him under the [Texas] Juvenile Act, be indicted, tried, and convicted of the identical offense after he reaches the age of 17.' Garza v. State, (Tex.Cr.App.1963) 369 S.W.2d 36, 39." Sawyer v. Hauck, W.D.Texas 1965, 245 F. Supp. 55, 57.[2] The Texas Court in Garza and the District Court below attempted to distinguish appellant's situation because appellant's attorney rather than the state had presented the murder charge to the Juvenile Court. Those courts reasoned that appellant's attorney should not be allowed to thwart the state's strategy of holding a charge against a juvenile until he comes of age and can be tried as an adult. The short answer is that the action of appellant's attorney before the Juvenile Court was explicitly authorized by Texas law. Section 7, Art. 2338–1, V.A.T.S.[3] Evidence concerning the murder was presented to the Juvenile Court in a legal manner, the court took jurisdiction, declared appellant a delinquent child and deprived him of his liberty on the basis of the murder. Appellant was later indicted, tried and convicted of the identical offense. Appellant's case is, therefore, indistinguishable from Garza and Sawyer. His conviction as an adult was obtained in violation of the principles of fundamental fairness and thus constituted a deprivation of due process under the Fourteenth Amendment.

Reversed and Remanded for proceedings not inconsistent with this opinion.

2. The Supreme Court gave implied approval to the Sawyer rational in In re Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 704, where the Court stated:
The impact of denying fundamental procedural due process to juveniles involved in "delinquency" charges is dramatized by the following considerations: * * *. In some jurisdictions a juvenile may be subjected to a criminal prosecution for the same offense for which he has served under a juvenile court commitment. However, the Texas procedure to this effect has recently been held unconstitutional by a federal district court judge, in a ha-

beas corpus action. Sawyer v. Hauck * * *.
In re Gault, supra at 20–21, n. 26, 87 S.Ct. at 1440.

3. That section provides, in pertinent part:
Any person may * * * give to the Judge * * * information in his possession that a child is within the provisions of this Act. * * * If either the Judge or the County Attorney shall determine that formal jurisdiction should be acquired * * * any attorney may prepare and file in the court, a petition alleging briefly the facts which bring said child within the provisions of this Act * * *.