**Mike L. MARTINEZ, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25205.**

United States Court of Appeals
Fifth Circuit.

July 16, 1968.

Newton Gresham, Houston, Tex., for appellant.

Lonny F. Zwiener, Robert E. Owen, Austin, Tex., for appellee.

Before COLEMAN and GODBOLD, Circuit Judges, and RUBIN, District Judge.

PER CURIAM:

This appeal is from the denial of a writ of habeas corpus. The facts and circumstances herein are fully reported in Martinez v. State, 171 Tex.Cr.R. 443, 350 S.W.2d 929 (1961) and Ex parte Martinez, 386 S.W.2d 280 (Tex.Cr.App. 1964). Hence, they are not repeated here.

The Judgment of the District Court was entered prior to the decision of this Court in Hultin v. Beto, 5 Cir. 1968, 396 F.2d 216 [May 30, 1968]. While there are distinctions between this case and *Hultin*, the rationale there adopted requires us to hold here that Texas' treatment of Martinez was a denial of that fundamental fairness essential to due process of law. The State divided appellant's conduct into two separate defenses. He was tried for assault and committed as a juvenile, soon found rehabilitated, and released. When he reached the age of seventeen he was indicted for murder arising out of the same factual circumstances, convicted, and sentenced to life imprisonment without regard to what had gone before. The totality of the treatment so accorded Martinez violates the due process rights guaranteed him by the Fourteenth Amendment. Palko v. State of Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Rochin v. People of California, 1952, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183.

The Judgment of the District Court will, therefore, be reversed and remanded for entry of an order releasing the appellant.

Reversed and remanded.