Rory K. MASON, Petitioner,

v.

C. Murray HENDERSON, Warden, Respondent.

Civ. A. No. 71-1283.

United States District Court, E. D. Louisiana, New Orleans Division.

Jan. 12, 1972.

Frank Courtenay, for petitioner.

Jack P. F. Gremillion, Atty. Gen., Jim Garrison, Dist. Atty., Maurice R. Franks, Asst. Dist. Atty., for respondent.

ALVIN B. RUBIN, District Judge:

Rory K. Mason seeks a "Re-Hearing" after having been denied habeas corpus relief following an evidentiary hearing held August 13, 1971, which he attended with his court-appointed attorney.

Mason alleges that the court left unresolved his contention that the statute under which he was convicted denied him due process and equal protection of the law. This court carefully considered this contention and in its order of June 22, 1971, adopted August 30, 1971, said:

"Mason was born September 24, 1951, in the city of New Orleans, Louisiana, and in January 1968, when the crime was committed, was sixteen years of age.

"Criminal District Court has '. . . exclusive jurisdiction of the trial of all crimes . . . the jurisdiction of which is not vested by this Constitution in some other court.' Article 7, Section 83, Louisiana Constitution 1921.

"Exempt from the jurisdiction of the juvenile court are 'capital crimes and *crimes defined by any law defining attempted aggravated rape* committed by children fifteen years of age or older.' Article 7, Section 96 Louisi-

ana Constitution 1921. (emphasis supplied)

"Mason further alleges that Section 96 of Article 7 of the Louisiana Constitution denies him due process and equal protection of the laws. His contention lacks merit for the reason that he has failed to show any action affecting him differently from any other person or that the provisions of the Constitution have not been applied equally to all persons in Louisiana similarly situated."

The Virginia statute relied upon by Mason has no application in Louisiana and his interpretation of Article 7, Section 96 of Louisiana's Constitution fails to give effect to the constitutional exemption from the jurisdiction of the juvenile court of children fifteen years and older charged with the crime of attempted aggravated rape.

■ The rights to due process and to equal protection of the laws do not "deny a State the right to make classifications in law when such classifications are rooted in reason." Frankfurter, J., concurring in Griffin v. People of Illinois, 1955, 351 U.S. 12, 21, 76 S.Ct. 585, 592, 100 L.Ed. 891. The Supreme Court has recently stated:

"[T]his Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. Barbier v. Connolly, 113 U.S. 27 [5 S.Ct. 357, 28 L.Ed. 923] (1885); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61 [31 S. Ct. 337, 55 L.Ed. 369] (1911); Railway Express Agency, Inc. v. New York, 336 U.S. 106 [69 S.Ct. 463, 93 L.Ed. 533] (1949); McDonald v. Board of Election Commissioners, 394 U.S. 802 [89 S.Ct. 1404, 22 L.Ed.2d 739] (1968). The Equal Protection Clause of that Amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objec-

tive of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U. S. 412, 415 [40 S.Ct. 560, 64 L.Ed. 989] (1920)." Reed v. Reed, 1971, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225. See also Schilb v. Kuebel, 1971, 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502.

■ The people of Louisiana in their state constitution gave juvenile courts exclusive jurisdiction of most crimes committed by persons under the age of seventeen. They might have extended the authority of the juvenile courts of their state only to persons less than sixteen years of age. See Note, Problem of Age and Jurisdiction in the Juvenile Court, 19 Vand.L.Rev. 883 (1966). The question is whether, by permitting juvenile courts to have jurisdiction of persons between the age of fifteen and seventeen charged with felonies generally, but by subjecting those in that age bracket who are charged with capital crimes or aggravated rape to the usual criminal processes, there is an invidious discrimination or one not rooted in reason. A corollary question is whether there is an unreasonable distinction between a person fourteen years and nine months of age and one fifteen years and one day of age.

The people of Louisiana might reasonably conclude that the processes of juvenile court are not suitable for certain serious crimes allegedly committed by persons over the age of fifteen. It could be argued that a "compelling interest" test must be applied because the potential punishment for an accused is greater if he is convicted after a trial in criminal court. However, the additional safeguards afforded by the conventional criminal process mean that the "fundamental rights" of the accused receive greater protection in that forum. See

Application of Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; McKeiver v. Pennsylvania, 1971, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647.

It is an error to assume that, because the state has chosen to subject persons of a certain age group to a more benign procedure in certain cases, it must extend this treatment to all who are charged with a different offense merely because they are of the same age. Legislatures may prescribe different penalties for different offenses, taking into account the seriousness of the offense. If a person fifteen years of age who committed a multiple murder were tried in a juvenile court, he would have to be released in six years, for a juvenile is subject to the juvenile court's jurisdiction in Louisiana only until he arrives at the age of twenty-one. LSA–R.S. 13:1572. A person less than fifteen is subject to that court's concern and rehabilitative procedures for more than six years. The people of Louisiana might well conclude that, for persons convicted of a serious crime, a potential six-year period of custody is insufficient. In addition, the people might, with some basis in reason, conclude that aggravated rape is the kind of offense that indicates a degree of maturity that should be dealt with by conventional criminal process, not juvenile court.

In some states a juvenile who is detained by juvenile courts has historically been subject to later re-prosecution for the same offense. See In re Gault, 1967, 387 U.S. 1, 20–21 note 26, 87 S.Ct. 1428, 1440, 18 L.Ed.2d 527. But see Hultin v. Beto, 5 Cir. 1968, 396 F.2d 216, and Martinez v. Beto, 5 Cir. 1968, 398 F.2d 542. Or, in some states where jurisdiction is based on age at the time of trial, the prosecuting authorities may wait until the juvenile is twenty-one, and then try him by usual criminal process. See 89 A.L.R. 2d 503. The people of Louisiana chose to withhold from juvenile jurisdiction certain serious crimes committed by persons over fifteen years of age.

The distinction between the child fourteen years and 364 days old and the one fifteen years and one day old is not unreasonable. The distinctions between youth and age, slow and fast, safe and unsafe are all matters that must be fixed at some point. If the Constitution permits a line to be drawn, a statute drawing it does not become unconstitutional because cases may fall close to either side of the line. While no plebiscite can legalize an unjust discrimination, Lucas v. Forty-Fourth General Assembly of Colorado, 1964, 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed.2d 632, the people of a state are not prohibited from drawing distinctions merely because the cases that approach the dividing line from opposite sides are necessarily similar.

Finally it is urged that a denial of due process lurks in the prosecutorial discretion permitted under Louisiana law. The prosecuting attorney had the discretion under Louisiana law to charge the accused with attempted aggravated rape, which would subject him to trial in criminal court and to the usual criminal penalties if found guilty, or to charge some lesser offense, say battery, in which case the accused could only be subjected to proceedings in juvenile court. It is suggested that it is a constitutional requisite that a judicial hearing be held to determine whether an offender should be charged as a juvenile.

Some states do require the juvenile court to hold a hearing to determine whether certain offenders should be charged as adults. See Va.Code Ann. § 16.1–176, discussed in Redmon v. Peyton, E.D.Va.1969, 298 F.Supp. 1123. Judge Merhige in *Redmon* correctly held:

"Due process requires that all juveniles be treated alike, just as much as it requires that all adults be treated alike. To allow the State, regardless of the motives of its officers, to deprive Redmon of the same rights accorded other juveniles, and then subsequently permit him to be tried as an adult simply because of the passage of time, is to compound the original deprivation of his Constitutional rights as required under the due process

clause of the 14th Amendment to the Constitution. Regardless of the well-intentioned motives of all the judicial officers involved, this Court cannot help but believe that due process must, under all circumstances, encompass the requirement that all persons, rich or poor, young or old, be accorded equal treatment." 298 F.Supp. at 1127.

But Mason was accorded equal treatment with others of like status; the defect in *Redmon's* prosecution was that he was deprived of the hearing accorded other juveniles and required by State law. No case has been cited holding that the mere existence of traditional prosecutorial discretion constitutes a violation of the federal constitution.

Discriminatory law enforcement may constitute a violation of the Constitution. See Note, Discriminatory Law Enforcement and Equal Protection "from" the Law, 1950, 59 Yale Law Journal 354; Note, The Right to Nondiscriminatory Enforcement of State Penal Laws, 1961, 61 Colum.L.Rev. 1103. But there is no evidence that Mason was discriminated against either individually or as a member of any racial or ethnic minority.

For these reasons the application for rehearing is denied.