Rollin D. SMITH et al., Appellants,

v.

PANORAMA COUNTRY CLUB,
Appellee.

No. 7800.

Court of Civil Appeals of Texas,
Beaumont.

June 17, 1976.

Rehearing Denied July 8, 1976.

Robert O. Campbell, Houston, for appellants.

Fletcher Etheridge, Houston, W. C. McClain, Conroe, for appellee.

KEITH, Justice.

Plaintiffs below sought a declaratory judgment; but, after a bench trial, judgment was rendered against them and they have perfected the appeal. There are few, if any, disputed facts. The trial court filed extensive findings of fact and conclusions of law and our resume of the facts will be taken therefrom without benefit of attribution.

The defendant, Panorama Country Club (hereinafter "Club"), was organized under the Texas Non-Profit Corporation Act, Art. 1396, Tex.Rev.Civ.Stat.Ann. (1962) (hereinafter "Act"), and operates a golf and country club. Its members are shareholders; and, after the Club's incorporation in 1969, there were 353 shareholding members, four of whom are the plaintiffs herein. The members of the Club owned homes located at strategic places near and adjacent to the 27-hole golf course owned by the Club.

In order to finance the purchase of the golf course and other improvements, the Club issued and sold $350,000 in its first mortgage bonds due and payable in ten years after issuance and bearing interest at the rate of eight percent per annum payable quarterly. When the club house was damaged by fire, an additional $81,500 in second mortgage bonds were issued and sold. Each series of bonds was secured by a first (or second, as the case may be) mortgage lien upon the Club's facilities subject to foreclosure in the event of default.

The Club experienced financial problems almost from the start and had difficulty in making the interest payments due upon the bonds, some of which were owned by the plaintiffs herein. The Club membership, acting pursuant to its by-laws, voted to issue preferred stock for the purpose of redeeming the outstanding mortgage bonds. Pursuant to this action of the directors and shareholders, the Club issued and sold $421,000 of the preferred stock and applied the funds so received to the redemption of the first and second mortgage bonds theretofore sold. However, plaintiffs (holders of $8,000 of the first series and $3,000 of the second series of bonds) refused to submit their bonds for redemption. The Club then made a deposit in escrow with a bank whereby adequate provision was made for the redemption of plaintiffs' outstanding bonds, including the principal and interest thereon when due. Plaintiffs do not complain about the adequacy of the security for the redemption of their bonds.

The officers of the Club, acting through trustees, then redeemed all of the outstanding mortgage bonds, exclusive of those held by the plaintiffs, and the liens upon the Club properties were released of record. The newly issued preferred stock did not include any lien upon the Club's properties.

Plaintiffs sought a declaration that a non-profit corporation such as Club could not lawfully issue preferred stock and that the acts of the Club's officers and directors in issuing the stock and using the proceeds to redeem the bonds was unlawful and constituted an illegal act.

Although we have been favored with briefs and oral argument by able counsel, we have not been cited to any authority which is remotely dispositive of the questions presented by this appeal. We set out in the margin the authorities cited by plaintiffs [1] and defendant.[2]

1. Plaintiffs cite: *United Housing Foundation, Inc. v. Foreman*, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975); Tex.Rev.Civ.Stat.Ann. art. 1396, § 2.24 (1962), Texas Non-Profit Corp. Act; 18 C.J.S. Corporations §§ 19, 196 (1939); Fletcher, Cyclopedia of Corporations, Ch. 58, § 5082 (Perm.Ed.1971 Rev.Vol.), and Ch. 3, § 68 (Perm.Ed.1974 Rev.Vol.); and Tex.Att'y Gen. Op. No. WW–880 (July 11, 1960).

2. Defendant cites: *Curtis v. National Cash Register Co.*, 429 S.W.2d 909, 911 (Tex.Civ.App.— Amarillo 1968, writ ref'd n. r. e.); *McKenzie v. Carte*, 385 S.W.2d 520, 530 (Tex.Civ.App.— Corpus Christi 1964, writ ref'd n. r. e.); *United Housing Foundation, Inc. v. Foreman*, supra (fn. 1); 18 C.J.S. Corporations §§ 18, 196 (1939); and divers sections of the Texas Non-

We commence our discussion of the problem by quoting from an article by Professor Alan R. Bromberg, "Non-Profit Corporations," 17 Baylor L.Rev. 125, 153 (1965):

"TNPCA [*Texas Non-Profit Corporation Act*] does not prohibit the issuance of stock, and stock corporations can be organized under it if they otherwise qualify. Stock is traditional in some non-profit organizations, particularly country clubs."

Some support for the foregoing language is to be found in the Act in Tex.Rev.Civ. Stat.Ann. art. 1396—2.08 D (1962):

"A corporation may issue certificates, or cards, or other instruments evidencing membership rights, voting rights or ownership rights as may be authorized in the articles of incorporation or in the by-laws."

The defendant in the case at bar amended its by-laws (but not its articles of incorporation) to authorize the issuance of the preferred stock for use in the redemption of the outstanding mortgage bonds. Thus, under the amended by-laws, the preferred stock evidences ownership rights in and to the golf course and facilities in accordance with such by-laws. Professor Bromberg also refers to an opinion of the Attorney General of Texas, No. WW–880 (July 11, 1960), which in turn mentions Sec. 2.08 D, quoted above, saying that such statute "does authorize the issuance of certificates or cards or other instruments evidencing, inter alia, ownership rights as authorized by articles of incorporation and the by-laws." [3]

■ In our view of the problem presented by this record, we recognize that the attorney general's opinions are not controlling, but they are entitled to great weight unless clearly wrong. *San Antonio Union Junior College Dist. v. Daniel,* 146 Tex. 241,

206 S.W.2d 995, 998 (1947); *Royalty v. Nicholson,* 411 S.W.2d 565, 572 (Tex.Civ. App., Houston 1967, writ ref'd n. r. e.).

■ We are not impressed with plaintiffs' argument that the preferred stock issued by Club is "simply evidence of a debt of the Appellee [Club] corporation to the investor." The stock, according to our record and the findings of the court, was validly issued as authorized under Sec. 2.08 D of the Act heretofore quoted. If it is a debt, as contended by plaintiffs, then it is valid as authorized under the provisions of Sec. 2.02 A of the Act. Finding no merit to plaintiffs' first two points, the same are overruled.

Plaintiffs' third point, quoted in the margin,[4] is presented without any supporting authority. Plaintiffs admitted that the Club was unable to sell new memberships and could not pay its bonded indebtedness and other debts as they accrued. Yet, the principal and interest upon the bonds had to be paid when due or the Club's property was subject to foreclosure by the bondholders.

The membership of the Club determined that there was an alternate method of preserving the Club's assets: the issuance of the preferred stock and the retirement of the mortgage bonds. We are not persuaded that in so doing any of the rights of plaintiffs or other members of the Club were infringed. Certainly, no plaintiff · has shown that he has sustained any loss and we are of the opinion that the third point of error is without merit.

The judgment of the trial court is affirmed.

AFFIRMED.

STEPHENSON, J., not participating.

---

Profit Corporation Act, Tex.Rev.Civ.Stat.Ann. art. 1396 (1962).

The two Texas cases cited by defendant do not touch the substantive problem we have under consideration.

**3.** The statute is in the disjunctive: ". . . as may be authorized in the articles of incorporation *or* in the by-laws" (emphasis supplied);

the opinion from the attorney general speaks of the matter using the conjunctive "and." We do not deem the variance to be material.

**4.** "The Court erred in rendering judgment for Appellee because the first and second mortgage bonds were illegally redeemed."