**Oliver James WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 56129–56131.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 7, 1979.

Joe F. Cannon, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Jack Bodiford, Asst. Dist. Attys., Houston, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from three convictions for the offense of aggravated rape. The appellant pleaded guilty, and after a trial before the court, the trial judge assessed the appellant's punishment at fifty years' imprisonment in each case.

The record reflects that at the time of the commission of these offenses the appellant was sixteen years of age. Accordingly, the Juvenile Court of Harris County had exclusive original jurisdiction over the appellant's conduct. V.T.C.A., Family Code, Section 51.04.

However, on March 25, 1976, the Juvenile Court, after a hearing, waived its jurisdiction and transferred the appellant to the 183rd District Court of Harris County for trial as an adult. See V.T.C.A., Family Code, Section 54.02(a) and (c).

On June 9, 1976, the appellant was indicted for the offenses which form the basis of these appeals. The essential question, which we consider in the interests of justice, Article 40.09, Section 13, Vernon's Ann.C.C.P., is whether the District Court ever acquired jurisdiction of the offenses.

V.T.C.A., Family Code, Section 54.02 sets forth the requisite procedures by which a juvenile court can waive its exclusive original jurisdiction and transfer a juvenile to the appropriate District Court or Criminal District Court. V.T.C.A., Family Code, Section 54.02(h) states:

"(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. *The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.*"

In *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977), we dealt with the issue of whether a juvenile who had been transferred to a District Court for criminal proceedings has the right to an examining trial in the District Court before indictment, and if so, whether an indictment returned prior to an examining trial in the District Court is void. We there held that a juvenile who has been certified to District Court for criminal proceedings is entitled to an examining trial in the District Court to which he is transferred, that this examining trial "is a valuable right, for it furnishes another opportunity to have the criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed," *Id.* at 829, that "[t]he examining trial before the district court clearly appears to be the second vital step in determining whether a juvenile should be tried as an adult," *Id.,* and that the indictment, having been returned prior to an examining trial, was void. We therefore reversed the judgment since the District Court had no jurisdiction to proceed on a void indictment.

In the present case, the record is devoid of any evidence that the appellant was afforded an examining trial before the indictments were returned by the grand jury. Without a showing that the appellant was in fact afforded an examining trial before the indictments were returned by the grand jury, we are unable to ascertain whether the indictments are void and hence whether the District Court had jurisdiction over the offenses.

It is well established that under Article 16.01, Vernon's Ann.C.C.P., a defendant is entitled to an examining trial before indictment. However, the return of an indictment terminates any right to an examining trial. *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976); *Brown v. State,* 475 S.W.2d 938 (Tex.Cr.App.1971).

Thus, a defendant is not always afforded an examining trial in a typical felony prosecution. In light of this, we refuse to apply a "presumption of regularity" to cases involving juvenile transfers; we will not presume that a juvenile has been afforded an examining trial in the District Court to which he is transferred. Rather, we require the record to affirmatively reflect that an examining trial has in fact been held in the District Court to which the juvenile is transferred.[1] Cf. *Matter of W. L. C.*, 562 S.W.2d 454 (Tex.1978). Moreover, since Article 40.09, Section 1, Vernon's Ann.C.C.P., *requires* that the appellate record include a copy of "material docket entries made by the court," and the court's action in holding an examining trial should be noted on the docket sheet, Article 33.07, Vernon's Ann.C. C.P., we hold that the record affirmatively reveals that no examining trial was in fact held.

Since the record reflects that no examining trial was held, it is clear that an examining trial could not have been held in the District Court prior to the return of the instant indictments. Under *Ex parte Menefee*, supra, it is clear that the indictments are void and that the 183rd District Court had no jurisdiction to proceed on the indictments.[2]

The judgments are reversed and these indictments are ordered dismissed.

ONION, Presiding Judge, concurring.

I concur in the result reached by the majority opinion authored for the court by Judge Roberts. In light of some of the things said by the dissent, I feel it necessary to review the history of the various enactments dealing with the discretionary transfer of a juvenile to be tried as an adult.

Turning the clock back only a few years, we find that the age of an accused at the time of the trial and not his age at the date of the alleged offense determined whether the accused was to be tried in juvenile or adult court. *Northern v. State*, 152 Tex. Cr.R. 569, 216 S.W.2d 192 (1948); *Perry v. State*, 171 Tex.Cr.R. 282, 350 S.W.2d 21 (1961). Thus, an accused, upon attaining the age of seventeen years, was properly tried in adult court for felony offenses committed prior to reaching that age. *Dearing v. State*, 151 Tex.Cr.R. 6, 204 S.W.2d 983 (1947); *Roberts v. State*, 153 Tex.Cr.R. 308, 219 S.W.2d 1016 (1949); *Peterson v. State*, 156 Tex.Cr.R. 105, 235 S.W.2d 138 (1950), cert. den. 341 U.S. 932, 71 S.Ct. 799, 95 L.Ed. 1361; *Elliott v. State*, 168 Tex.Cr.R. 140, 324 S.W.2d 218 (1959); *Wood v. State*, 171 Tex.Cr.R. 307, 349 S.W.2d 605 (1961); *Perry v. State*, supra; *Foster v. State*, 400 S.W.2d 552 (Tex.Cr.App.1966).

As a result, a juvenile accused of a heinous felony offense was often declared a juvenile delinquent on the basis of the same offense, some other offense growing out of the same transaction, a revocation of a previous juvenile probation, etc., and committed to the Texas Youth Council, and later brought to trial as an adult when he reached seventeen, eighteen or nineteen years of age, and had matured in appearance, etc. See, e. g., *Perry v. State*, supra; *Martinez v. State*, 171 Tex.Cr.R. 443, 350 S.W.2d 929 (1961); *Hultin v. State*, 171 Tex.Cr.R. 425, 351 S.W.2d 248 (1961); *Foster v. State*, supra.

In *Garza v. State*, 369 S.W.2d 36 (Tex.Cr. App.1963), this court held that the conviction of Garza for murder violated the principle of fundamental fairness and constituted a deprivation of due process where prior to such conviction, which occurred after

---

1. In *Winegarner v. State*, 505 S.W.2d 303 (Tex. Cr.App.1974), it was intimated that this Court will indulge in a presumption of regularity of proceedings in juvenile transfer cases where the appellate record fails to reflect whether or not an examining trial was in fact conducted by the transferee District Court pursuant to the provisions of Section 54.02(h), supra. Accordingly, insofar as *Winegarner*, supra, is in conflict with our present holding, it is expressly overruled.

2. So that our holding will not be misconstrued, we here point out that in juvenile transfer cases a pre-indictment examining trial in the transferee District Court can be waived. *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978).

Garza reached the age of seventeen years, Garza had been adjudged a delinquent child on the basis of the same act of murder and held in custody as a delinquent child until his trial as an adult. Other cases where the convictions had been upheld in this court were set aside by the federal courts. *Sawyer v. Hauck,* 245 F.Supp. 55 (W.D.Texas, San Antonio Division, 1965); *Hultin v. Beto,* 396 F.2d 216 (5th Cir. 1968); *Martinez v. Beto,* 398 F.2d 542 (5th Cir. 1968).

It was obvious that a new approach involving fairness had to be adopted when the state judicial system was dealing with a juvenile who had allegedly committed a heinous felony offense. Thus, in 1965 the first discretionary transfer act was passed as an amendment to Article 2338–1 (See, e. g., Acts 1965, 59th Leg., p. 1256, ch. 577, § 3 [H.B. 444].). At first the transfer provisions were limited to the juveniles sixteen years old still within the jurisdiction of the juvenile court who were accused of a felony. The Legislature was, of course, concerned that other safeguards be installed before a juvenile be thrust into district court for trial as an adult. The pertinent parts of the 1965 enactment were set out in *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr. App.1977), and need not be requoted here. It provided a three step procedure commencing with a certification hearing in juvenile court, an examining trial in district court, and a return of the juvenile to the jurisdiction of the juvenile court if the grand jury refused to indict, in which case no further action by any grand jury could be taken against the juvenile with regard to the offense involved. At any of the three steps of the certification process the proceedings could be terminated and the matter handled solely in the juvenile court.

The said 1965 amendment provided that in regard to the examining trial aspect district judges would have the powers and duties conferred upon examining magistrates by the Code of Criminal Procedure. It further stated, "Provided that upon hearing the District Judge shall make an order committing the child to jail, discharging him, admitting him to bail, or remanding him to the custody of the Juvenile Court as the law and facts of the case may require."

The amendment was widely acclaimed as removing the old injustice and providing that the juvenile could be tried willy-nilly as an adult in view of the three step procedure enacted as safeguards.

In Billings, "The New Juvenile Delinquent Law," 31 Tex.Bar Journal 203, 242, 243, the author in discussing the amendment wrote:

"The Juvenile Court may, instead of retaining jurisdiction decide to transfer the child to the District or Criminal District Court for criminal proceedings. This court, however, may disagree with the Juvenile Court and return the child to the Juvenile Court to be proceeded against as a juvenile delinquent. The District or Criminal District Court *must* hold an examining trial to make its determination at which time the child is to be represented by a lawyer . . . . .

"The District or Criminal District Court may instead of referring the child back to the Juvenile Court, send the case on to the Grand Jury. However, the Grand Jury is under no compulsion to indict. If the Grand Jury does not indict then the District or Criminal District Court must certify that fact to the Juvenile Court, which then must resume jurisdiction of the child." (Emphasis supplied.)

A portion of the 1965 amendment to Article 2338–1, supra, was held unconstitutional in *Foster v. State,* 400 S.W.2d 552 (Tex.Cr. App.1966), but it did not directly relate to the above discussion, and in 1967 Article 2338–1, supra, was again amended (Acts 1967, 60th Leg., p. 1082, ch. 475).

The 1967 amendment to the said statute was similar in nature to the 1965 amendment with certain language changes, all of which is set forth in *Menefee.* § 6(j) of the statute, as amended, provided in part that after transfer from the juvenile court the "child" shall be dealt with as an adult in accordance with the Code of Criminal Procedure. The subsection then provided, "However, the examining trial shall be con-

ducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court."

In 1973 Article 2338–1, supra, was replaced by V.T.C.A., Family Code, § 54.02 (Acts 1973, 63rd Leg., ch. 543 [see p. 1406]). Like its forerunners, said § 54.02 provided the same safeguards as earlier provided. In subsection (h) of the statute it is provided in part, "The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court."[1]

In *Menefee v. State,* supra, this court wrote:

"It is clear from these enactments that the legislative intent has been that a three step procedure be followed before a juvenile, sixteen and later fifteen years old or older, is tried in district court as an adult. At each step safeguards were provided. If the juvenile court decides to retain jurisdiction at the hearing to determine if the court should waive jurisdiction and certify the juvenile for criminal proceedings, that ends the matter with regard to certification. The juvenile then will be handled as a juvenile. If there has been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. If the juvenile, after an examining trial in district court, is bound over for action by the grand jury and the grand jury does not indict, the district court certifies such failure to indict to the juvenile court and the jurisdiction of the case is resumed by the juvenile court. Thus, at any of the three steps if there is a decision not to prosecute the juvenile as an adult, then the juvenile will not be so prosecuted.

"While there have been changes in the language in the various enactments, the purpose and basic procedure has remained the same."

Thereafter, the court in *Menefee* concluded that the examining trial was to be the second vital step in determining whether a juvenile should be tried as an adult, and that the indictment returned against Menefee prior to an examining trial must be set aside.

The dissent now says the reasoning in *Menefee* was based on a faulty premise. How was it faulty? Did the Legislature never intend the examining trial to be a second vital step in the discretionary transfer procedure, or having once so intended, did it amend the law to provide otherwise? The dissent does not tell us and seems to steer clear of any analysis or even discussion or mention of the various enactments providing for an examining trial since 1967 for the discretionary transfer procedure.

After labeling the premises in *Menefee* faulty, the dissent, without more, immediately launches into a discussion of V.T.C.A., Family Code, § 56.01, providing for an appeal from the juvenile court's order transferring a juvenile to a district court. Thereafter, the dissent boldly asserts, without reasoning and without a discussion of previous provisions for appeals:

"The provisions for an appeal from the juvenile court's order of transfer reflects the Legislature's intent that a determination is to be made on this issue (whether the grand jury may be expected to return an indictment) in the juvenile court and negates any suggestion that a second step is required to be taken in this procedure."

Said § 56.01 provides, inter alia, generally for various appeals from the orders of the juvenile court to the Courts of Civil Appeals and by writ of error or upon certificate to the Supreme Court of Texas as in other civil cases. It does provide, inter alia, that "(c) An appeal may be taken by or on behalf of the child from: (1) an order entered under Section 54.02 of this code respecting transfer of the child to criminal court for prosecution as an adult." In subsection (c)(2), (3), (4) and (5), appeals are

---

1. Said § 54.02 was amended in 1975 by adding subsections (j), (k) and (*l*), not here involved (Acts 1975, 64th Leg., p. 2156, ch. 693, § 16).

also provided for from orders entered in juvenile court under §§ 54.03, 54.04, 54.05 and Chapter 55 of the Family Code.

A reading of § 56.01 (Acts 1973, 63rd Leg., p. 1485, ch. 544, § 3) clearly shows it is applicable to all types of appeals from orders of the juvenile court just as its forerunner, Article 2338–1, § 21, provided in more general terms for appeals from orders of the juvenile court long before the enactment of the first discretionary transfer act in 1965. It cannot be said, as does the dissent, that merely because an appeal is provided from the order of the juvenile court transferring a juvenile to the district court that such is indicative of the legislative intent that an examining trial is not a second vital step in the transfer process. There is nothing to support such assertion and it is therefore obvious why the majority offers no support for its assertion.

It is true that in making the determination whether to transfer the juvenile to district court one of the factors the juvenile court shall consider, among other matters, is whether there is evidence on which a grand jury may be expected to return an indictment. This, of course, is only one of the many factors that must be considered by the juvenile court, and on appeal the failure to consider a necessary factor may be raised. However, such appeal is not a substitute for the examining trial in district court after transfer. § 56.01(g) of the Family Code provides that an appeal does not suspend the order of the juvenile court. The appeal is entirely distinct from the examining trial procedure prescribed by transferred juveniles. If the Court of Civil Appeals determines on appeal that reversible error was made by the juvenile court in the discretionary transfer procedure, the case is generally remanded to the juvenile court, but this does not mean that the proceedings to try the juvenile as an adult are then terminated. The proceedings may commence anew in the juvenile court. However, as we have interpreted the law in *Menefee,* when the examining trial takes place in district court the trial judge may remand the case to the juvenile court and that terminates the adult proceedings against the juvenile, it being one of the three step procedural safeguards provided by law. The district judge in conducting an examining trial in such situation is not conducting an appellate review of the correctness of the juvenile court's proceedings, as that is provided for elsewhere, but is making an independent determination whether the proceedings against the juvenile as an adult should be ended at that point or should be continued.

As noted by Chief Justice Cadena in *Q___ V___ v. State,* 564 S.W.2d 781, 785 (Tex.Civ.App.—San Antonio, 1978), "There is nothing in the Family Code indicating that, after transfer, the examining trial conducted by the criminal district court must be, in effect, a second hearing on the question of waiver of juvenile court jurisdiction . . . If the criminal district court, after conducting the examining trial, concludes that there is no probable cause for holding the child to await the action of the grand jury, it may, instead of ordering the child released, as would be the result in a case involving an adult, remand the child to the jurisdiction of the juvenile court."

The dissent argues that a certified or transferred juvenile is to be treated as an adult under the express terms of V.T.C.A., Family Code, § 54.02(h). The section so provides, but this cannot be taken too literally. The section also provides that the examining trial *shall* be conducted by the district court to which the transfer is made and that the court may remand the juvenile to the jurisdiction of the juvenile court. While legally trained district judges are magistrates (Article 2.09, V.A.C.C.P.) and may conduct examining trials for adults, there is no requirement they do so in ordinary cases, and in fact, as we know, most of the examining trials for adults are conducted by Justices of the Peace, many of whom are non-lawyers. It is obvious that the Legislature intended to avoid having the transferred juvenile's examining trial where adults have their examining trials by providing that the examining trial for a juvenile shall be in the district court. As

noted in *Menefee,* the district court may remand the juvenile to juvenile court which no magistrate has the authority to do in the case of an adult. Further, where the grand jury does not indict the transferred juvenile, that fact is certified to the juvenile court and that court may resume jurisdiction. No such right is accorded an adult. Thus, it is clear that the transferred juvenile is not always "dealt with as an adult" as the dissent insists in its reasoning that the return of an indictment terminates the right to an examining trial for the transferred juvenile, nor did the Legislature so intend.

I concur.

CLINTON, Judge, concurring.

The function of accepted rules of statutory construction is to ascertain legislative intent.[1] My own analysis of pertinent provisions of the family code against a backdrop of predecessors to its Section 54.02(h) has led me to a conclusion that *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977) was correctly decided. For me it is clear enough that the *Menefee* holding comports with discernible legislative concern that a child transferred over to the criminal justice system be afforded protections beyond those provided for real adults.

The perceived situation concerning handling children alleged to have committed penal offenses as it had developed to 1965 evoked a corrective, remedial legislative response that materialized as Acts 1965, 59th Leg., p. 1256, Ch. 577, Sec. 3.[2] Basic to that response was the expressed notion that circumstances surrounding a child certified and transferred by a juvenile court as an adult to a district court or criminal district court should again be examined by the latter court having jurisdiction over criminal offenses. Thus, the 1965 amendment conferred upon a transferee district judge powers and duties of examining magistrates and directed that "upon hearing the District Judge shall make an order committing the child to jail, discharging him, admitting him to bail, or remanding him to the custody of the Juvenile Court as the law and facts of the case may require."[3]

In 1967 the 1965 amendment was stripped of redundancies and crystallized to provide that the transferred child "shall be dealt with as an adult and in accordance with the Code of Criminal Procedure," to prescribe that transfer of custody "is an arrest" and to insist that "the examining trial shall be conducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court." But, according to at least one close observer, essence of initial legislative response remained so that in carrying out the statutory scheme the transferee court "must hold an examining trial to make its determination" and it "may instead of referring the child back to the juvenile court send the case on to the grand jury," Billings, footnote 2, supra.

Adopted in 1973, the family code brought forward as Section 54.02(h) substantially the 1967 provisions regarding responsibilities imposed on a transferee court:

> "On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court."

This history of developments and resultant language of Section 54.02(h) teaches that legislative intent was to vest in the transferee court jurisdiction over a child

---

1. *Minton v. Frank,* 545 S.W.2d 442, 445 (Tex. 1976).

2. See generally, Billings, "The New Juvenile Delinquent Law," 31 T.B.J. 203 (March 1968); Steele, "The Treatment of Juveniles Under the Family Code; an Overview," Texas Tech.L.R. 589 (1974).

3. That these statutory provisions may reflect concepts which perplex and confound the criminal law expert is not sufficient justification for rejecting them in critical terms.

cum certified adult to make a threshold "probable cause" determination to hold the "adult" for further criminal proceedings or to relinquish criminal jurisdiction by remanding the child to juvenile court. Since power and authority to conduct an examining trial—a criminal proceeding—attach only upon transfer of a child certified as an adult to the transferee court, it follows that a remand to juvenile court upon finding no probable cause terminates criminal jurisdiction of the transferee court and returns the certified adult to status as a child.

Of course, by reason of Sec. 8.07(b), V.A. P.C., when the child is no longer a certified adult neither a grand jury nor any other law enforcement agency restricted to dealing with alleged adult offenders may legally confront the remanded child.

Accordingly, I agree with the conclusions of *Menefee,* supra, that upon transfer an examining trial is mandated and it is the "second vital step in determining whether a juvenile should be tried as an adult" so that, without it, an indictment returned prior to an examining trial is void.[4] Therefore, I concur in the judgment of the Court.

TOM G. DAVIS, Judge, dissenting.

I dissent to the majority's holding that the district court never acquired jurisdiction of these offenses and would hold that the appellant's right to an examining trial under V.T.C.A. Family Code, Sec. 54.02(h),

was terminated upon the return of indictments.

The holding in *Ex parte Menefee* (Tex.Cr. App.), 561 S.W.2d 822, that an indictment returned against a juvenile who has been transferred to district court prior to examining trial is void, is based on the faulty premise that the examining trial in district court is a "mandatory second step" in determining whether a juvenile should be tried as an adult in district court.

The majority elevates the examining trial provided for in Sec. 54.02(h) to the jurisdictional level of the requirement that an indictment be returned by a grand jury. It is readily apparent that the Legislature intended that any examining trial held after the transfer be in district court rather than before a justice of peace who might be a non-lawyer, but this provision only addresses the question of *who* shall hold the examining trial.

In *Criss v. State,* (Tex.Cr.App.), 563 S.W.2d 942, it was held that the examining trial provided for in the district court could be waived provided the waiver met the requirement of V.T.C.A. Family Code, Sec. 51.09. I would hold that an examining trial is not mandatory for the district court to acquire jurisdiction and, like an adult, the right to an examining trial is terminated by the return of an indictment.

V.T.C.A. Family Code, Sec. 56.01,[1] provides for an appeal from the juvenile court

4. Comfort in the conclusion reached is provided by historically recorded facts that examining trials were indeed routinely conducted by the trial bench from and after the 1965 amendment: *Jackson v. State,* 449 S.W.2d 242, 243 (Tex.Cr.App.1969); *Garza v. State,* 469 S.W.2d 169, 171 (Tex.Cr.App.1971); *Ellis v. State,* 543 S.W.2d 135, 137 (Tex.Cr.App.1976); *Q——— V———— v. State,* 564 S.W.2d 781, 785 (Tex.Civ. App.—San Antonio, 1978, writ ref., n. r. e.) and, further, that the bar is being so advised as in, e. g., *Billings,* supra and Dawson, "Juvenile Law and Procedure," II Advanced Criminal Law Course JJ at 29 (State Bar of Texas, August 1978). Moreover, our appellate courts are making clear that the respective determinations made by a juvenile court in a transfer proceeding and the transferee court at examining trial are independent of and not at war with each other; thus, a determination of the ultimate issue in a transfer proceeding is independently reviewed without regard to subse-

quent criminal proceedings, L.L.S., *Relator v. Wade,* 565 S.W.2d 251 (Tex.Civ.App.—Dallas 1978) and does not suspend criminal proceedings pending appeal, *Moreno v. State,* 511 S.W.2d 273 (Tex.Cr.App.1974) and the transferee court conducting an examining trial after transfer "need only make a finding of probable cause," *Q——— V———— v. State,* supra.

1. V.T.C.A. Family Code, Sec. 56.01, "Right to Appeal," provides in pertinent part:

"(a) An appeal from an order of a juvenile court is to the Texas Court of Civil Appeals and the case may be carried to the Texas Supreme Court by writ of error or upon certificate, as in civil cases generally.

\*  \*  \*  \*  \*  \*

"(c) An appeal may be taken by or on behalf of the child from:

"(1) an order entered under Sec. 54.02 of this code respecting transfer of the child to criminal court for prosecution as an adult; . . .."

order transferring the juvenile to district court for trial as an adult and Sec. 56.01(e), supra, requires that the juvenile court instruct the accused's counsel to advise the child and his parent, guardian, or guardian ad litem of the child's right to appointment of an attorney for appeal if an attorney cannot be obtained because of indigency. The record reflects careful compliance by the juvenile court judge of this provision. The orders of the juvenile court waiving jurisdiction contained findings "that evidence was presented concerning the alleged offense upon which a grand jury may be expected to return an indictment" pursuant to V.T.C.A. Family Code, Sec. 54.02(f)(3). There is no indication that appellant took such an appeal or desired to appeal from those orders.

The provision for an appeal from the juvenile court's order of transfer reflects the Legislature's intent that a determination is to be made on this issue in the juvenile court and negates any suggestion that a second step is required to be taken in this procedure. If the district court did not acquire jurisdiction of the offenses until an examining trial is held in district court, then it would logically follow that there should be no provision for an appeal to the Courts of Civil Appeals from the order of the juvenile court. Under such circumstances, the juvenile court's order would amount to nothing more than an interlocutory order with final determination to be made in the district court.

Upon the district court accepting jurisdiction on March 25, 1976, following the waiver of jurisdiction by the juvenile court, the appellant was to *"be dealt with as an adult"* [emphasis supplied] under the express terms of Sec. 54.02(h), supra. In *Menefee,* it was emphasized that the accused was given the additional opportunity to have the criminal proceedings terminated and the jurisdiction of the juvenile court resumed at the examining trial in district court. The pertinent portion of Sec. 54.02(h), supra, provides that the court conducting the examining trial "may remand the child to the jurisdiction of the juvenile court." The provision that the district court *may remand* the accused to the juvenile court further reflects the Legislature's intent that the district court had acquired jurisdiction at this stage of the proceeding. It is noted that there is no mandatory provision that the accused be remanded to juvenile court if the examining trial does not bind him over for grand jury action, Sec. 54.02(h), supra, providing this action "may" be taken. If the examining trial in district court were a mandatory "second vital step" in determining whether a juvenile should be tried as an adult, as held in *Menefee,* the district court would not be vested with the discretion of whether to remand the accused to juvenile court in the event he was not bound over for grand jury action. On the other hand, Section 54.02(i) provides if the grand jury does not indict, the district court *"shall* certify the grand jury's failure to indict to the juvenile court." [Emphasis supplied.] If the grand jury does not indict the accused for a felony offense, it is mandatory that this fact be certified to the juvenile court which court "may resume jurisdiction of the case." Since the juvenile court has supervision of juveniles who violate the compulsory school attendance laws and children who leave home without the consent of their parents, it is obvious why this mandatory provision may be desirable where the grand jury fails to indict the juvenile for a criminal offense. While the district court, sitting as an examining tribunal, has a power not granted over ordinary adults in that it "may" remand the accused to juvenile court, this provision imposes no limitation on the grand jury's authority to take action where the district court has accepted jurisdiction but no examining trial has been held. It should be remembered that the juvenile has already been afforded a mandatory hearing in juvenile court in which it must have been determined that there was evidence presented "[u]pon which a grand jury may be expected to return an indictment." Sec. 54.02(f)(3), supra.

After this determination had been made by the juvenile court in the instant case and no appeal taken therefrom, the district court accepted jurisdiction of the cause on March 25, 1976. Upon the district court accepting jurisdiction, the appellant was to "be dealt with as an adult" under the express terms of Sec. 54.02(h), supra. The inescapable conclusion to be drawn from the record is that appellant felt that an examining trial would avail him of nothing and he did not make a request for such a hearing. The appellant had already had a hearing in juvenile court in which it was found that there was evidence upon which a grand jury may be expected to return an indictment. This hearing and determination in juvenile court was mandatory before the appellant ever reached district court. Thus, appellant had already had a hearing not offered an adult on the question of evidence to support an indictment. From March 25, 1976, when the district court accepted jurisdiction, until June 9, 1976, when the indictments were returned, appellant made no request for an examining trial, and for that matter has not to this date made any complaint about the denial of same. Under such circumstances, it is unthinkable that the appellant, *who was to be dealt with as an adult* when reaching district court, could be heard to complain that he was not accorded an examining trial in district court.

It has long been held that the return of an indictment against an adult terminates any right to an examining trial. See *Bullard v. State* (Tex.Cr.App.), 533 S.W.2d 812;

*Brown v. State* (Tex.Cr.App.), 475 S.W.2d 938. Article 16.01, V.A.C.C.P., provides for an examining trial "before a magistrate" whereas Section 54.02(h), supra, provides that the examining trial shall be conducted "by the court to which the case was transferred." It is apparent that the Legislature's concern was that any examining trial be held by the court to which the case was transferred (instead of any magistrate under Art. 16.01, supra), rather than making such hearing a necessary step in the district court acquiring jurisdiction. Just as an indictment terminates the right of an adult to an examining trial, I would hold that an indictment terminates the right of a juvenile (when jurisdiction has been accepted in the district court) who by the express terms of Sec. 54.02(h), supra, is to be "dealt with as an adult." [2]

I dissent.

DOUGLAS, DALLY and W. C. DAVIS, JJ., join in this dissent.

---

**2.** The majority opinion is contrary to our holding in *Winegarner v. State,* 505 S.W.2d 303, which was overruled sub silentio by *Ex parte Menefee,* supra, and expressly overruled by the majority herein.

If the examining trial is the "second vital step" or a "mandatory second step" in determining whether a juvenile should be tried as an adult, then the record on appeal must reflect that an examining trial was held in district court just as the record must show a waiver of jurisdiction of the juvenile court and an indictment (or felony information).

The majority opinion would also appear to be contrary to Attorney General's Opinion M–1151, dated June 7, 1972, construing a similar provision in the statute applicable at that time,

Sec. 6(g) of Art. 2338–1, V.A.C.S. The Attorney General in this opinion concluded that an examining trial in district court is not mandatory for a juvenile transferred from the juvenile court to district court for prosecution and that the right to an examining trial is terminated by the return of an indictment. While the opinions by the Attorney General are not binding upon courts and have no judicial precedent, courts have frequently said *they are entitled to be given considerable weight in determining proper construction of statutes.* *Smith v. Panorama Country Club* (Tex.Civ.App., 1976) 538 S.W.2d 268; *Bradley v. Swearingen* (Tex.Civ. App., 1975), 525 S.W.2d 280; *City of Houston v. Southern Pac. Transp. Co.* (Tex.Civ.App., 1973), 504 S.W.2d 554.